MAY H. REYNOLDS, Respondent, *v.* EDWIN W. FOSTER, ROBERT G. HEIM and ROBERT A. ROBINSON, Composing the Board of Education of Union Free School District No. 21 of the Town of Oyster Bay, County of Nassau and State of New York, Appellants.

(County Court, Nassau County, January, 1910.)

**Common** schools: Officers — Corporate character and attributes of boards — Boards of education: Actions — Parties —Actions against boards of education.
Corporations —Actions against corporations — Parties in action against.
Process — Issuance and formal requisites — Designation of parties.

> By section 220 of the Education Law (Consolidated Laws, chap. 16), the board of education of each free school district or city is a body corporate and any liability created by the wrongful discharge of a school teacher employed by it is a liability of the corporation and not that of the members of said board as individuals.
>
> Where the verified complaint in an action brought in justice's court alleges a cause of action against the board of education of a union free school district for damages for breach of a contract of employment with plaintiff as teacher and in the title three individuals are named as composing said board but the original summons was directed to and duly served upon but two of them as individuals, a judgment rendered against the three members of the board individually will be reversed as erroneously entered and plaintiff remitted to a new suit, the appellate court having no power to substitute the board of education as defendant in the place of the individuals composing it, even conceding that the plaintiff was entitled to judgment for the amount claimed.
>
> Plaintiff was not entitled to maintain the action against the said board individually, designating them by their official titles, under sections 1926, 1927, 1929, 1931 of the Code of Civil Procedure, as said sections are limited in their application to school trustees only and do not provide for suits against members of a board of education.

APPEAL by the defendants from a judgment rendered against them in favor of the plaintiff for $188.10 damages and costs, upon a trial in justice's court, by the justice, without a jury.

Lincoln B. Haskin, for appellant.

Joseph Steinert, for respondent.

JACKSON, J. The summons issued by the justice directed the constable to summon Edwin W. Foster and Robert G. Heim to appear; and attached to the summons was a verified complaint, as follows:

JUSTICE'S COURT OF THE TOWN OF OYSTER BAY, COUNTY OF NASSAU.

"MAY H. REYNOLDS, Plaintiff, *against* EDWIN W. FOSTER, ROBERT G. HEIM and ROBERT A. ROBINSON, Composing the Board of Education of Union Free School District No. 21 of the Town of Oyster Bay, in the County of Nassau and State of New York, Defendant.

"The plaintiff in this action complains of the defendant on her information and belief, as follows:

"*First.* That during part of the time hereinafter mentioned, the defendant was and yet is a corporation created by the laws of the State of New York.

"*Second.* That on or about the 9th day of May, 1908, the Common School District No. 21 of the Town of Oyster Bay, in the County of Nassau, then and there being a corporation created by virtue of the laws of the State of New York did, by its Board of Trustees duly authorized so to do, enter into an agreement in writing duly made, executed and delivered on that day of which a copy is hereto annexed, and forms part of this complaint.

"*Third.* That pursuant to the terms and conditions of the said agreement, the plaintiff duly entered upon the performance of same on the 7th day of September, 1908, and did continue to perform the duties required on her part until the time hereinafter mentioned, and at all times during the period therein stated, was ready, able, qualified and willing to perform the same.

"*Fourth.* That thereafter, and prior to the 1st day of January, 1909, the said Common School District was duly, organized and incorporated by virtue of the School laws of this State into the Union Free School District No. 21 of the said Town of Oyster Bay, the defendant in this action was thereupon created a body corporate and is yet such corporation, and succeeded to the rights, duties and liabilities of the said Common School District and its said trustees, as well as the rights, duties and liabilities imposed upon it by the said agreement.

"*Fifth.* That from and on or about the 1st day of April, 1909, to the 28th day of June, 1909, the said defendant, Board of Education and agents, did wrongfully and unjustly violate the terms and conditions of the said agreement on its part, by preventing the plaintiff from performing the duties as teacher in the public school of said district, which is part of the period mentioned in said agreement, and did wrongfully exclude the plaintiff from the public school in said district during that period, and did unlawfully and unjustly refuse to pay her the compensation mentioned in said agreement, for the said period, which amounts to the sum of one hundred and eighty-six dollars; and that no part of said sum has been paid, although duly demanded, and the plaintiff has sustained damages in said sum, by reason of the violation of the terms of said agreement on the part of the defendant.

"*Wherefore* the plaintiff demands judgment against the defendant for one hundred and eighty-six dollars damages besides costs."

It will be noted that in the summons only two of the defendants, Foster and Heim, were named as defendants, and that the name of Robert A. Robinson does not appear therein. In the title set forth at the head of the complaint, all three, Foster, Heim and Robinson, are named, and then follows the clause describing them: " composing the Board of Education of Union Free School District No. 21 of the Town of Oyster Bay, County of Nassau, State of New York, defendant." In the paragraph of the complaint designated

" First " the plaintiff alleges that the *defendant* was and yet is a corporation. In the paragraph of the complaint designated " Second " she alleges that " Common School District No. 21 of the Town of Oyster Bay, in the County of Nassau, then and there being a corporation created by virtue of the laws of the State of New New York, did, by its board of trustees, duly authorized so to do, enter into an agreement in writing, duly made, delivered and executed on that day, of which a copy is hereto annexed and forms a part of this complaint." In paragraph of the complaint designated " Fourth " she alleges that said Common School District was duly organized and incorporated into the Union Free School District No. 21 of said Town of Oyster Bay, the defendant in this action, and as such corporation succeeded to the rights, duties and liabilities imposed by the above set forth teacher's agreement. In the " fifth " paragraph she alleges that the said defendant Board of Education and agents did wrongfully and unjustly violate the terms and conditions of said agreement, to the plaintiff's damage, in the sum of $186, and that the plaintiff has sustained damage in said sum by reason of the violation of said agreement on the part of the defendant. In the prayer for relief in the complaint the plaintiff demands judgment against the said *defendant.*

In the teacher's contract, a copy of which appears attached to the complaint, it is stated as follows: " I, May H. Reynolds of South Glenn's Falls, County of Saratoga, a duly licensed teacher, hereby contract with *the Board of Trustees* of District No. 21, Town of Oyster Bay, County of Nassau, to teach * * *."

It is further set forth therein: " and the *Board of Trustees* of said district hereby contract to employ said teacher. * * *" and also " said *Board of Trustees* reserve the right to provide for a vacation ". This contract appears signed by the trustees, as follows:

" EDWIN W. FOSTER,
" ROBERT G. HEIM,
" ROBERT A. ROBINSON,
*" Trustees."*

The summons, in form, appears to be directed to two of the defendants, Foster and Heim, as individuals. The complaint sets forth an action against the board of education of said Union Free School District No. 21, a corporation.

Upon the return day of the summons, a certificate of the service thereof was filed by the constable, in which he certified that he served the summons and complaint on the defendants Edwin W. Foster and Robert G. Heim, therein named, at Central Park, county of Nassau, by delivering to and leaving with them personally a true copy thereof. Nowhere does it appear that any service of the summons was made or attempted to be made upon the defendant Robinson, or upon said corporation, the Board of Education of Union Free School District No. 21 of the town of Oyster Bay, or that a summons directed to said corporation was issued.

The justice's return shows that, upon the return day of the summons, the plaintiff appeared in person and by Joseph Steinert, her attorney, and the *defendants* appeared in person and by Franklin A. Coles, their attorney. No answer or demurrer was filed. Instead the following stipulation was signed by the respective attorneys and filed:

" Justice's Court of the Town of Oyster Bay, County of Nassau.

" May H. Reynolds, Plaintiff, *against* Edwin W. Foster, Robert G. Heim and Robert A. Robinson, Composing the Board of Education of Union Free School District No. 21 of the Town of Oyster Bay, in the County of Nassau and State of New York, Defendant.

" It is hereby stipulated and agreed that the trial of the above case be adjourned from the 31st day of July, 1909, at 5 o'clock in the afternoon, until the 7th day of August, 1909, at 5 o'clock in the afternoon, at the court room of the justice of the peace at Farmingdale, in the town of Oyster Bay, and that the answer of the defendants may at that time be filed without prejudice to any of the parties herein. And this adjournment is made with the distinct understanding that the rights of all parties to the action are reserved to them and that the status of the parties is in no way changed

County Court, Nassau County, January, 1910.    [Vol. 66.

by reason of the adjournment. It is further stipulated and agreed that a copy of the answer is to be served upon the plaintiff's attorney on or before the 6th day of August, 1909.

"J. STEINERT,
"*Plfs. Aty.*

"FRANKLIN A. COLES,
"*Attorney for deft.*"

The justice thereupon adjourned the trial to August 7, 1909, at five P. M. In pursuance of the adjournment taken, the plaintiff again appeared upon the adjourned day in person and by her said attorney. The defendants also appeared in person and by Lincoln B. Haskin, their attorney. The defendants' attorney stated that he appeared specially for the defendants Foster and Heim, and thereupon filed a notice of such special appearance. He also filed the affidavits of Foster and Heim, in which each swore that he was personally served with a copy of the summons in the action; and said defendants thereupon moved to dismiss the action because the copy of the summons varied from the original, in that, in the copy served upon Foster, the name Edwin W. Foster only appeared, instead of the name of both defendants, as set forth in the original summons; and, in the copy served upon Heim, the name Robert G. Heim only appeared, in place of the names Edwin W. Foster and Robert G. Heim. The return sets forth that the grounds upon which the said defendants moved for a dismissal of the action were that the summons served on the defendants was not a copy of the original, and that the summons seeks to hold a corporation. This motion was denied and an exception was thereupon taken by the said defendants. Said defendants' attorney thereupon challenged the right of Mr. Coles, the attorney who appeared, to appear for the defendants and filed the consent or stipulation hereinbefore set forth. Thereupon the plaintiff called as witnesses the defendants Foster, Heim and Robinson, who each testified that they were the individuals named in the complaint in the action; that they were, at the time of the bringing of such action, members of the Board of Education of Union Free School District No. 21 of the town of

Oyster Bay, and that, as members of the said Board of Education, they respectively retained Mr. Coles as their attorney in the action.

At this point in the case the defendants and their attorney withdrew and left the court room, whereupon the plaintiff was sworn as a witness and gave evidence which warranted the justice in rendering a judgment for the amount of damages claimed upon the cause of action set forth in the complaint.

Both parties concede that the judgment is against the defendants individually. Upon the argument it was conceded by the appellants that the plaintiff was entitled to judgment for the amount claimed; but the contention was that such judgment should have been rendered against the Board of Education of Union Free School District No. 21 of the town of Oyster Bay, and not against the defendants individually. The further point was made by the appellants that an action in justice's court can begin only in two ways, either by service of summons or by the voluntary appearance and joinder of issue by the parties; that it does not appear that there was any summons issued naming Robinson as a defendant, and therefore that the justice did not acquire jurisdiction over the person of the said defendant Robinson.

This objection would at most be good only as to the defendant Robinson and not as to the defendants Foster and Heim. Foster and Heim were both named as defendants in the original summons, and the service of that summons was duly made upon each of them. If, by reason of a variation in the copy, a defect existed, it was probably cured by their voluntary appearance upon the return day. Further, if the defendants were jointly liable, the service and stipulation would be sufficient to confer jurisdiction over the three. The right to make the objection that the court has not acquired jurisdiction of the person of a defendant is for his benefit; and he is at liberty to renounce that benefit reserved to him by the law. The stipulation filed on the return day would seem to cure the objection.

The second ground of appeal seems more substantial. By section 220 of the Education Law, it is provided: "The

Board of Education of each union free school district or city is hereby created a body corporate.". The liability created by the discharge of the plaintiff was a liability of the corporation and not a liability of the defendants. Bassett v. Fish, 75 N. Y. 303; Porter v. Robinson, 30 Hun, 209; Gould v. Board of Education, 34 id. 16.

The plaintiff argues that, pursuant to sections 1926, 1927, 1929, 1931 of the Code of Civil Procedure, she was authorized to bring this action against the defendants, designating them by their official titles; that said sections authorized the entry of a judgment against them individually, which may be satisfied out of their individual property; that, by section 235 of the Education Law, the Board of Education has the same powers and is subject to all the duties of the trustees of common schools; that, by sections 508, 509 and 510 of the Education Law, all damages awarded against any school trustees shall be a charge against the district, and shall be levied by tax.

I think, however, that an examination of the sections of the Code above referred to shows that they are limited in their application to school trustees only, and that they do not provide for suits against members of a board of education. Since the case of Bassett v. Fish, *supra,* there has never been any doubt that such a cause of action as the one set forth in the complaint should be prosecuted by action brought against the board of education. The same would seem now also to hold true where the district is a common school district. It is provided in section 190 of the Education Law: "The trustees of every school district, whether there is one or more, as herein provided, shall constitute a board for each of said districts respectively and such boards are hereby corporate."

Upon the argument it was admitted that the plaintiff, upon the merits, is entitled to her claim for damages; but that the action is erroneously brought against the defendants as individuals. An examination of the complaint and testimony and of the statutes relative to the subject leads to the conclusion that no case was made out against the defendants individually.

I can see no argument for the holding that the court below

acquired jurisdiction over the person of the proper defendant, to wit: The Board of Education of Union Free School District No. 21 of the town of Oyster Bay. The summons was not directed to that corporation; it did not appear and join issue, and the judgment rendered is not rendered against it, but against the defendants.

This court upon appeal is not at liberty to substitute another defendant in the place of the appellants. It seems the only remedy is to reverse the judgment erroneously entered and remit the plaintiff to a new suit.

The judgment should be reversed, with costs.

Judgment reversed, with costs.

---

Matter of the Supplementary Proceedings of HARRY BARNETT, Judgment-Creditor, Respondent, v. JULIUS LEWINSKY, Judgment-Debtor, Appellant.

(Supreme Court, Appellate Term, February, 1910.)

Supplementary proceedings — Warrant of arrest — Issuance and formal
   requisites — Recitations; Specification of purpose.

   A warrant for the arrest of a judgment debtor, in proceedings for his examination before or after the return of an execution, under section 2437 of the Code of Civil Procedure, must recite the facts that bring the proceeding within section 2458, and for its failure to do so should be vacated.

   The warrant should also specify the purposes for which the judgment debtor is required to be brought before the court, and for its failure to specify the purpose it should be vacated.

APPEAL by the judgment-debtor from an order of the City Court of the city of New York denying a motion to vacate a warrant of arrest alleged to have been issued pursuant to section 2437 of the Code of Civil Procedure.

Charles Eno, for appellant.

Nathaniel N. Holzer, for respondent.