FRED G. COOPER, Appellant, *v.* CHESTER R. DAVIS, Respondent.

Third Department, February 18, 1931.

*Nathan M. Medwin* [*Werner H. Pigors* of counsel], for the appellant.

*Byrne, Jeram & Casey* [*Horace B. Casey* of counsel], for the respondent.

HINMAN, J. It is agreed that the only question presented on this appeal is whether the City Court of Albany has jurisdiction to try the action and render a valid judgment.

The act in relation to the City Court of Albany, so far as applicable to this case, provides as to jurisdiction as follows: " Except as provided in the next section the City Court of Albany has jurisdiction in the following civil actions and proceedings *where any person a party thereto is a resident of the city of Albany,* unless otherwise expressly provided in this section: * * * 13. An action to recover damages for a personal injury, or for loss of services or for medical or other necessary expenses occasioned thereby, or an injury to property, where the sum claimed does not exceed one thousand dollars, and costs, excepting, however, actions to recover damages for malicious prosecution, false imprisonment, libel, slander, criminal conversation, seduction, or loss of society of husband or wife." (Laws of 1927, chap. 575, § 2.) The provision expressly limiting jurisdiction to certain civil actions and proceedings " where any person a party thereto is a resident of the city of Albany " was introduced into the acts relating to the City Court of Albany by chapter 312 of the Laws of 1898. It was carried into the general revision of the acts relating thereto by chapter 603 of the Laws of 1910.

This action was brought in the City Court of Albany to recover damages for injury to personal property arising out of a collision between the automobiles of the plaintiff and the defendant. The accident occurred in the town of Bethlehem, which adjoins the city of Albany; and both parties are residents of that town. The case came on for trial before one of the justices of the City Court and a jury on oral pleadings and it was not until the defendant was being examined that it was made apparent to the court that neither

party resided in the city of Albany. The parties then purported to confer jurisdiction upon the court to continue the case to judgment by stipulation of the attorneys made in open court. The jury rendered a verdict for the plaintiff upon which judgment was entered. Upon appeal to the County Court, the judgment was set aside and the complaint dismissed on the ground that the court did not have jurisdiction of the subject-matter. This appeal is from the order and judgment of the County Court.

Jurisdiction is the power to hear and determine. The court must have cognizance of the class of cases to which the one to be adjudged belongs, which is called jurisdiction of the subject-matter; and the court must also acquire jurisdiction over the parties. The latter may be acquired by consent or waiver, but " wherever there is a want of authority to hear and determine the subject-matter of the controversy, an adjudication upon the merits is a nullity and does not estop even an assenting party." (*Matter of Walker*, 136 N. Y. 20, 29.) " It is not within the power of the litigants to invest a court with any jurisdiction or power not conferred on it by law, and accordingly it is well established as a general rule that, where the court has not jurisdiction of the cause of action or subject matter involved in a particular case, such jurisdiction cannot be conferred by consent, agreement, or waiver. So also if the court cannot try the question except under particular conditions or when approached in a particular way, the law withholds jurisdiction unless such conditions exist or unless the court is approached in the manner provided, and consent will not avail to change the provisions of the law in this regard." (15 C. J. 802.)

This rule has been applied to cases wherein the residence of a party to an action was involved in the question whether a strictly local court of limited jurisdiction had jurisdiction over the subject-matter. As early as *Burckle* v. *Eckhart* (3 N. Y. 132, 137) it was said that when the cause or matter does not arise, and the subject-matter of the controversy is not situated within the circuit of a vice chancellor, the residence of a defendant therein " is a jurisdictional fact which must exist before the court can act at all, either by issuing process or accepting the appearance of a defendant. It is necessary to give jurisdiction of the cause, not of the person. In such case there can be no waiver." The principle thus laid down has been applied to the jurisdiction of the City Court of Brooklyn in *Landers* v. *Staten Island R. R. Co.* (53 N. Y. 450); *Wheelock* v. *Lee* (74 id. 495); *Davidsburgh* v. *Knickerbocker Life Ins. Co.* (90 id. 526). That was a local court of limited jurisdiction, its jurisdiction being limited to cases in which the cause of action arose within the territorial limits, and cases in which the subject

of the action was situated, or the party proceeded against resided, or was served with process, within those limits. The court expressly said, in *Wheelock* v. *Lee* (*supra*, at p. 498), that " some one or more of these elements of locality must exist to confer upon the court jurisdiction of the cause," and further said: " Where no other ground of jurisdiction exists, the service within the county is a jurisdictional fact. Its omission is not cured by an appearance, for the objection is not simply that the court has not jurisdiction of the person of the defendant, but that it has not jurisdiction of the cause." In *Davidsburgh* v. *Knickerbocker Life Ins. Co.* (*supra*, at p. 530) it was said: " There are, no doubt, many cases where the court having jurisdiction over the subject-matter may proceed against a defendant who voluntarily submits to its decision, but where the State prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such a case the particular condition or status of the defendant is made a jurisdictional fact." In *Landers* v. *Staten Island R. R. Co.* (*supra*) a similar result was reached, and in that case, also, an attempt by the Legislature to enlarge the jurisdiction of the City Court of Brooklyn as a local court was held unconstitutional. (See, also, *McCarty* v. *Parker*, 26 Abb. N. C. 235.)

It must have been cases such as the above which the Court of Appeals had in mind when it said, in *Meyers* v. *American Locomotive Co.* (201 N. Y. 163, at p. 167): " It is possible to conceive of cases in which the residence of a defendant might be so indissolubly connected with the subject-matter as to constitute a part thereof — as, for example, in the case of a statute whose operation was confined to the residents of a particular locality and which did not apply to other residents of the State." The City Court of Albany was intended to be a strictly local court by the provision that one or both of the parties must be a resident of the city and by provision that its process may be served only within narrow territorial limits (Laws of 1927, chap. 575, §§ 2, 9). To permit its jurisdiction of causes to be extended by waiver or consent of the parties will destroy its character as a local court. If this may be done for residents of an adjoining town, it may be applied to any residents of the State. We agree with the conclusion reached below that the City Court has jurisdiction of such an action for damages for injury to personal property only " where any person a party thereto is a resident of the city of Albany."

The order and judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.