In the Matter of the Application of E. Ray Hardenbrook, as County Commissioner of Public Welfare of Steuben County, N. Y., Petitioner, for an Order of Mandamus against Floyd Combs, as County Commissioner of Public Welfare of Broome County, N. Y., and Harold S. Tully, as City Commissioner of Public Welfare of the City of Binghamton, N. Y., Defendants.

Supreme Court, Special Term, Broome County, September 28, 1936.

*James S. Drake*, for the petitioner.

*Clarence L. Chamberlain, County Attorney*, for the defendants.

PERSONIUS, J.   The Steuben county commissioner of public welfare, herein referred to as the Steuben commissioner, seeks an order of mandamus requiring the Broome county commissioner of public welfare, herein called the Broome commissioner, to pay the amount expended by the former in the care of one Allen Hall and family.

Not knowing whether the city of Binghamton was a separate welfare district, the welfare commissioner of said city was made a party.   It is not a separate district and has been stipulated out of this proceeding.

The New York State Department of Social Welfare, herein called the State Department, rendered a decision (under section 58 of the Public Welfare Law) that said Hall had a " settlement " in the city of Binghamton, from which it followed that the county of Broome is responsible for relief to him and his family. (Pub. Welfare Law, § 18, subd. 2, ¶ e.) The Broome commissioner refused to reimburse the Steuben commissioner, claiming that the submission of the question of settlement to the State Department and its decision thereof was illegal in that (1) the matter was not submitted in time, (2) no hearing was ever held by the State Department, and (3) that the decision was not rendered within the prescribed time.

Under section 58 the commissioner furnishing the relief shall within thirty days notify the commissioner of the district claimed to be liable. The latter " may accept the responsibility * * * or he may within thirty days * * * contest " the liability. If contested " the question of responsibility may *within thirty days* of the receipt of the protest, be referred to the State Department of Charities. The State Department of Charities *within ten days* of the receipt of a request for decision [1] *shall render a decision or* [2] shall set a date for a hearing, notifying the public welfare officials involved." (Italics ours.)

In the present case, Allen Hall, being in Steuben county, applied for relief for himself and family. It was furnished. On December 1, 1933, the Steuben commissioner, claiming that the settlement of said Hall and family was in Binghamton, Broome county, notified the Broome commissioner. On December thirtieth the Broome commissioner contested the claim and so notified the Steuben commissioner. After much correspondence between the commissioners, the Steuben commissioner, about June 8, 1934, referred the matter to the State Department. He gave the details of his investigation (which he had already furnished to the Broome commissioner), and also the substance of the Broome commissioner's contention, and requested a decision. This request was not made within thirty days of the receipt of the Broome commissioner's protest. On June ninth the State Department advised the Broome commissioner of the request of the Steuben commissioner, summarizing the latter's claims, and concluding: " We shall appreciate a statement from you showing the facts as you view them." To this communication neither the Broome commissioner, nor the officials of the city of Binghamton, to whom it might have been referred, ever responded.

On July 24, 1934, the State Department referred the matter to the Attorney-General, but rendered no decision until June 26, 1935. In the meantime, the Steuben commissioner had asked

for a decision on November 2, 1934, November 22, 1934, and May 7, 1935. After the decision was rendered, the Steuben commissioner forwarded the bills to the Broome commissioner who referred them to the Binghamton city commissioner. They were rejected, the letter of the latter concluding: " No technical decision, except a definite court order, would ever justify me in accepting responsibility for these bills."

No " proceeding in the Supreme Court " having been entered within thirty days of the rendering of the decision, this proceeding was commenced.

As to the State Department's failure to set a date and give notice for a hearing, that is an alternative proceeding which it does not claim to have taken. It may render a decision within ten days without a hearing, which is the procedure it claims to have taken.

As to its failure to decide the matter within ten days, " It is well settled that the public cannot be deprived of the benefits of a statute because a public official charged with the duty of carrying out the statute is tardy or neglectful of his duty. Unless it is otherwise prescribed by the statute his duty to act continues and although the time has passed within which it was contemplated he would act, the duty continues and follows him until discharged." (*Matter of Ottinger* v. *Voorhis*, 241 N. Y. 49, 55; *Fallon* v. *Hattemer*, 229 App. Div. 397, 400; *Matter of Brady*, 246 id. 561.) The State Department gave the Broome commissioner ample opportunity to submit its proof. In fact it requested it but received no reply, either during the ten-day period or thereafter. " It is a general * * * rule that where power to act in a tribunal exists, and the only objection to its exercise is one intended for the benefit and designed for the protection of the party complaining, such objection must be taken at the earliest practicable opportunity * * * or it will be held to have been waived by the omission to urge it seasonably." (*Matter of Clark*, 168 N. Y. 427, 437.) The Broome commissioner raised no objection until this proceeding was started.

Perhaps the most serious objection is that the matter was not referred to the State Department " within thirty days of the receipt of the protest " of the Broome commissioner, but we conclude that this objection is not (1) good or (2) timely taken. Where power to determine issues in a department, like the Public Welfare Department, Education Department, etc., is given to a board or commissioner, such power is more or less summary and not restricted by technical rules or procedure. "All procedure is merely a methodical means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose which it seeks to accomplish. Unless some necessary requirement

has been omitted, a wrong move or a mistake in the method of seeking relief from the courts ought not to furnish protection for a wrongful act." (*Clark* v. *Kirby*, 243 N. Y. 295, 303.)

The State Department had jurisdiction. It was acquired by the Steuben commissioner referring the matter to it. Issue had been joined by his notice to the Broome commissioner and the latter's notice of rejection. The State Department notified the Broome commissioner that the matter had been referred to it. If the failure to so refer it within thirty days was a bar to a hearing or determination by the State Department, it was in the nature of a limitation which is ordinarily raised by answer or motion. (Civ. Prac. Act, § 30.) The decision of the State Board is not void but, if irregular, voidable at most. Can it be voided here? Said section 58 provides that " the decision of the State Department * * * shall be final unless the commissioner, against whose public welfare district the decision is rendered, shall, within thirty days of the rendering of such decision, enter a proceeding in the Supreme Court." In other words, it is final unless such commissioner proceeds to review the decision by certiorari, which was not done. Furthermore, we think the defendants have been guilty of laches. The issue here is between the Steuben commissioner and the Broome commissioner. Perhaps the real issue is between the Broome commissioner and the commissioner of the city of Binghamton. The former seems to have referred the matter to the latter. The Steuben commissioner was diligent in his investigations and correspondence. The State Department advised the Broome commissioner that the matter had been referred to it. Neither he nor the city commissioner took any steps or even acknowledged the advice. It gave them opportunity to reopen. Nothing was done until this proceeding was started.

The practice laid down in said section 58 is simple. It is designed to bring about prompt decisions. We are not to be understood as sanctioning the delay here. Nevertheless, the petitioner was reasonably prompt and diligent in furnishing his information to the defendants; they had opportunity to be heard; they have suffered no injury from the delay. We conclude that the petitioner is entitled to relief. Mandamus is the proper remedy. (*Matter of N. Y. State, etc.,* v. *Supervisors,* 157 Misc. 87, 90; *Matter of Crocker* v. *School District, etc.,* 142 id. 525.)

The amount claimed by the petitioner is not questioned by the affidavit filed by the defendants. A peremptory mandamus should issue.

Submit order.