REVONA REALTY CORP., Respondent, *v.* MORTON WASSERMAN, Appellant.

Third Department, October 3, 1957.

*Joel Arnold* for appellant.

*Harry J. Ruthoser* for respondent.

BERGAN, J.   In this action in the Supreme Court to recover $1,500 on an agreement by defendant to refund part of a bonus that had been paid him as mortgagee on premises in Sullivan County owned by plaintiff, an order authorizing substituted service of the summons was granted on July 9, 1953.

The order was founded on affidavits sufficiently establishing the residence of defendant in New York to warrant substituted service of the summons; such service was made; defendant defaulted and judgment was entered by the clerk August 28, 1953.

Undisputed evidence is in the record to establish that defendant had personal knowledge of the judgment against him at least within four months after its entry; because on December 29, 1953 defendant's brother-in-law, a New York lawyer, wrote the attorney for plaintiff that defendant had advised him that demand was being made for payment of the judgment.   He requested that a copy of the affidavit of service of the summons be sent him.

Over two and one-half years after the entry of the judgment, on March 15, 1956, plaintiff moved at the New York Special Term for an order directing certain third-party corporations in New York to turn over on account of the judgment assets owned by defendant.   The third parties did not appear on this application but defendant appeared by an attorney.   The order

there entered shows that defendant's opposition to the motion was upon an unrestricted appearance.

The full text of the affidavits before the New York Special Term on that application are not before us, but there is enough here of those affidavits, the accuracy of which is not disputed by defendant, to indicate that the defendant's appearance in opposition to the application for the third-party order was not confined to the narrow merits of that application, which was merely proceeding supplementary to execution, but went deeper to strike at the underlying question of jurisdiction; the procedure to be followed by the court in addressing itself to the conditions upon which the judgment might be opened; and the merits of the cause of action itself.

Affirmative relief was sought by defendant. The affidavit before us states that defendant asked the court to '' order that a reference ensue for the purpose of determining the validity of the judgment '' and that defendant requested as alternative relief '' that said judgment be set aside and the matter litigated in a Municipal Court of the City of New York.''

There is also quoted at some length before us the text of that part of the affidavit filed by defendant before the New York Special Term dealing with the underlying merits of the cause of action, stating that when inquiry was made on behalf of plaintiff as to '' what bonus refund '' would be made if the mortgage was '' anticipated in full '', defendant '' declared that a $1500 refund would be made upon full prepayment at the time ''. This conditioned right to the refund seems to be the defense on the merits upon which defendant relied.

The New York State Supreme Court is a single judicial entity; and although the judgment was entered in Sullivan County, the New York County Special Term having entertained a proceeding supplementary to execution would have power to deal with the judgment itself upon application of a party in interest. The usual practice would indicate that that part of the affirmative relief sought by defendant addressed to the judgment or the underlying merits of the action might be severed and sent to the Third Judicial District; but the court was not required to do this unless a party requested it be done; and certainly defendant made no request for the transfer of his affirmative application addressed to the judgment and is bound by the procedure he himself adopted. It is not disputed that this application by defendant for affirmative relief was denied by the court.

Defendant thereafter moved, on April 16, 1956, at the Sullivan Special Term to vacate the judgment. He denied

residence in the State of New York on July 14, 1953 or for nearly two years before that time. The court did not resolve the factual issue whether or not defendant was a resident of New York when the substituted service was made; but held, in effect, that because of the long period which defendant knew of the existence of the judgment against him he was barred by laches from the relief he sought. From this order defendant appeals.

A distinction is recognized between an absence of a court's jurisdiction of the subject matter and a claimed absence of jurisdiction of the person. No act of a party breathes life into a judgment where the court has no jurisdiction of the subject to grant judgment; but where it is claimed that no jurisdiction of the person has been acquired, it has become settled that the objection may be waived by the subsequent acts of the party affected; or he may be estopped from asserting it. Where there is no jurisdiction of the subject matter neither estoppel (*Kingston* v. *Kingston,* 283 App. Div. 355) nor waiver (*Cooper* v. *Davis,* 231 App. Div. 527) will be available against one asserting jurisdictional absence on this ground. In the *Cooper* case, however, Judge HINMAN, writing for this court, was careful to point out that jurisdiction over the parties may " be acquired by consent or waiver" (p. 529).

If it be assumed that the service of process followed due form of law; that the court had before it in proper form proof which would support personal jurisdiction of the defendant by substituted service, the objection that no such jurisdiction had been acquired, which in the end amounts to an assertion that the facts as proved before the court were not true facts, may be waived. The prior course of conduct or of procedural policy of the party asserting absence of personal jurisdiction may estop its assertion. We think both of these elements exist in this case.

Defendant, knowing that a judgment had been obtained against him by substituted service based on proof of his New York residence, and requesting through his counsel in communication with the attorney for plaintiff, and receiving further specific information about the judgment, should within a reasonable time have asserted the absence of jurisdiction based on a showing of the facts of his purported nonresidence. Indeed, the correspondence between his counsel and the plaintiff's attorney suggests that defendant had stated an intention to move to open his default. Instead of making this assertion he did nothing; and in the special circumstances of this case,

there seems to us to have been, as the Special Term decided, a waiver of the claim of absence of personal jurisdiction.

This, indeed, is the general rule. " An objection to jurisdiction based on any ground other than lack of jurisdiction of the subject matter, such as lack of jurisdiction of the person * * * is usually waived by failure to raise the objection at the first opportunity, or in due or seasonable time " (21 C. J. S., Courts, § 110, pp. 168–169).

In *Matter of Clark* (168 N. Y. 427) it was noted that where the tribunal has jurisdiction of the subject and there is power to act in the subject matter, and an objection exists for the benefit of the party complaining, " such objection must be taken at the earliest practical opportunity after the party becomes aware of the facts " or he " will be held to have waived " it (p. 437). This statement was made in part on the authority of *Cowenhoven* v. *Ball* (118 N. Y. 231, 235), in which it was said that such waiver could run to " questions of jurisdiction as well as others ". See, also, on this subject *Vose* v. *Cockcroft* (44 N. Y. 415) and *Matter of Hardenbrook* v. *Combs* (160 Misc. 546).

There is perhaps some analogy here in principle to the rule which applies to injunctions and other equitable interdictions of which a party has knowledge. (Cf. *Underhill* v. *Schenck*, 205 App. Div. 182, 189.) By way of contrast the lapse of time has no effect whatever on the absence of jurisdiction of the subject matter. (*People ex rel. Cecere* v. *Slocum*, 161 App. Div. 733.)

But if the jurisdictional objection is not deemed to have been waived by resting on knowledge of the entry of judgment, the defendant must be deemed to have waived it or to have been estopped from its assertion by the course of proceeding followed by him at the New York Special Term. To the extent that the application may be deemed to have been made by the defendant on jurisdictional grounds to vacate the judgment, the adverse decision is binding on defendant against the present motion to vacate it, and in the absence of appeal has become conclusive against him.

To the extent that defendant sought affirmative relief by an order of the Supreme Court directing a trial on the merits in Municipal Court, or by favor of the court in relieving him of default in pleading, in both of which situations admission of jurisdiction of the person lies implicit in the relief sought, defendant must be deemed now estopped from asserting that there has not been obtained jurisdiction over his person.

This, too, is the commonly accepted rule. In a court of general jurisdiction of the subject matter " a party may be

estopped to question its jurisdiction of the particular case" where he "invokes it" himself, or brings a cross action or "accepts benefits resulting from the court's exercise of jurisdiction"; and it may be waived, among other things, by "seeking relief on a ground additional to, or other than, want of jurisdiction". (21 C. J. S., Courts, §§ 108, 109.) This, indeed, is the sense in which the practice in New York has been codified by section 237-a of the Civil Practice Act which provides that an objection to personal jurisdiction if combined with an objection on the merits "shall be deemed waived".

When defendant applied at the New York Special Term in response to the motion in supplementary proceedings for affirmative relief, among other things, that the matter be "litigated in a Municipal Court of the City of New York" he so acquiesced to the jurisdiction of the New York Supreme Court over his person that he will be deemed estopped from asserting the fact of residence contrary to that established before the court and upon the basis of which jurisdiction of his person was taken.

In *Farmer* v. *National Life Assn.* (138 N. Y. 265) the defendant, a foreign insurance company, asserted the absence of personal jurisdiction over it in view of the means taken to make constructive service in pursuance of statute. After service was made in this way it filed the necessary bond and petition and took the procedural steps to remove the action to the Federal court; and removal was effected. The Federal court later remanded the case back to New York when the absence of jurisdiction was asserted by defendant.

The Court of Appeals held that by taking the steps necessary to remove the case to the Federal court the defendant had so proceeded in the action in New York as to waive the objection of absence of personal jurisdiction by the New York court. The court, per MAYNARD, J., held that "where the defendant becomes an actor in the suit and institutes a proceeding which has for its basis the existence of an action to which he must be a party" that he "thereby submits himself to the jurisdiction of the court, and no disclaimer which he may make on the record, that he does not intend to do so [there a notice of special appearance] will be effectual to defeat the consequences of his act" (p. 270).

When a party becomes "an actor in a suit" is often a question of degree and of evaluation of the particular facts (*Henderson* v. *Henderson*, 247 N. Y. 428, 432), but his participation in the merits is certainly one way in which a defendant will be prevented from thereafter contesting jurisdiction of his person.

A motion by a defendant to compel plaintiffs to bring in additional defendants, for example, has been held to be such a submission to the jurisdiction of the court as to defeat defendant's motion to dismiss for failure to acquire personal jurisdiction (*Lenetska* v. *Goldstein,* 192 Misc. 929, BOTEIN, J.). The provisions of section 237-a of the Civil Practice Act also have relevancy to this point.

When the court has jurisdiction of the subject matter parties will be held bound by the practice in which they acquiesced by which jurisdiction was obtained (*Matter of Smith,* 244 App. Div. 733; see, also, *Bogartz* v. *Astor,* 7 Misc 2d 158). An employer would be held to have waived the objection that the Industrial Board had no jurisdiction of an accident between ships claimed to have rested exclusively in admiralty, by participating in the proceeding before the board and allowing an award to stand undisturbed for a long period (*Matter of Haglund* v. *Morse Dry Dock & Repair Co.,* 255 App. Div. 895). This court noted (p. 896) that "Jurisdiction and unconstitutionality may be waived". "The right to make the objection that the court has not acquired jurisdiction of the person of a defendant is for his benefit; and he is at liberty to renounce that benefit reserved to him by the law" (*Reynolds* v. *Foster,* 66 Misc. 133, 139).

Decision here does not rest upon a retroactive vesting of personal jurisdiction on the basis of waiver or estoppel. Neither has that function. Decision, rather, rests on the fact that there was sufficient valid proof of essential jurisdictional facts presented to the court before the summons went out, to justify its taking jurisdiction; and the course of policy and procedure elected to be followed by the defendant forecloses him now from litigating those facts. The effect is, merely, that the facts accepted by the court in taking jurisdiction are no longer left open to dispute.

The objections to procedural steps in the entry of judgment have likewise been waived by defendant or are without substance.

The order should be affirmed, with $10 costs.

FOSTER, P. J., and HALPERN, J. (dissenting). We dissent and vote to reverse the order and to remit the matter to Special Term for hearing and determination as to whether the defendant was, in fact, a resident of New York State at the time that the substituted service was made. If the defendant was not a resident, the judgment was plainly void at the time of its entry. We do not believe that the affidavit submitted on behalf of the

defendant, after the entry of judgment, in opposition to the motion in supplementary proceedings in New York County, had the effect of retroactively validating the judgment or of estopping the defendant from later moving in Sullivan County to vacate the judgment for jurisdictional invalidity. (*Robinson* v. *Robinson,* 123 Misc. 80, affd. 209 App. Div. 896; *Weiss* v. *Weiss,* 227 App. Div. 757; *Odiens* v. *Odiens,* 265 App. Div. 641; *Irving Trust Co.* v. *Seltzer,* 265 App. Div. 696, 701; *Mehrback* v. *Partridge,* 9 Misc. 209.)

Coon and Gibson, JJ., concur with Bergan, J.; Foster, P. J., and Halpern, J., dissent in memorandum.

Order affirmed, with $10 costs.