Michael V. Tepedino, J.
Plaintiff’s assignor suffered property damage to Ms automobile arising out of a collision between the automobile of plaintiff’s assignor and the automobile of defendant, which occurred in the City of Albany on December 31, 1958.
It is conceded that the plaintiff’s assignor is a resident of the City of Schenectady, New York and that the defendant is a resident of the Village of Nassau, Rensselaer County, New York.
Prior to the commencement of this lawsuit, the cause of action for property damage was assigned to the plaintiff orally and without consideration, and, on January 30, 1959 this action was commenced in the City Court of Albany, New York by service of a summons upon the defendant in the City of Albany, New York. The matter came on for trial and the only question presented is whether the City Court of Albany has jurisdiction to try the action and render a valid judgment.
It appears that the plaintiff received the assignment as a privilege to sue as plaintiff in lieu of the nonresident claimant and we are solicited to disregard the assignment and look beMnd it to the residential status of the contracting parties.
The gist of the argument is that since plaintiff’s assignor and the defendant are nonresidents of the City of Albany, New York, our court must decline jurisdiction.
The act, in relation to the City Court of Albany, so far as applicable to this case, provides as to jurisdiction as follows:
‘ ‘ Except as provided in the next section the city court of Albany has jurisdiction in the following civil actions and proceedings where any person a party thereto is a resident of *833 the city of Albany, unless otherwise expressly provided in this section” (Albany City Court Act, § 2; L. 1931, ch. 414).
The provision expressly limiting jurisdiction to certain civil actions and proceedings, ‘ ‘ where any person' a party thereto is a resident of the city of Albany ”, was introduced into the acts relating to the City Court of Albany by chapter 312 of the Laws of 1898. It was carried into the general revision of the acts relating thereto by chapter 603 of the Laws of 1910.
It is not within the power of one litigant to invest a court with any jurisdiction or power not conferred on it by law and such jurisdiction cannot be conferred by consent, agreement or waiver. (Cooper v. Davis, 231 App. Div. 527.)
The City Court of Albany was intended to be a strictly local court by the provision that one or both of the parties must be a resident of the City of Albany and be used by them alone. It is a court of limited jurisdiction. It is unbelievable to imagine that the Legislature intended this rule to be circumvented by permitting a nonresident to assign his cause to a resident plaintiff so as to confer jurisdiction upon the City Court of Albany.
It is the considered opinion of this court that the principle as laid down in the ease of Cooper v. Davis (supra) be extended. The City Court of Albany has jurisdiction where one of the parties thereto is a resident of the City of Albany and its jurisdiction cannot be extended by the waiver, consent or stipulation of the parties, nor by the assignment by a nonresident to a resident only for the purpose of conferring jurisdiction upon the City Court of Albany.
Since the City Court is without jurisdiction to try this cause, the complaint, therefore, is dismissed, without costs and without prejudice.