OPINION OF THE COURT
Alan J. Saks, J.
On this motion to vacate a default judgment, it is not disputed that the person to whom the summons and complaint was personally delivered was Pauline Howard, the defendants’ daughter. Such delivery occurred on February 28, 1983. The process server’s affidavit described her as being approximately 16 years old, five feet, five inches in height and weighing 100 pounds. The defendant mother avers that she was only 11 years old. CPLR 308 (subd 2) requires that delivery be made to a person of suitable age and discretion. Plaintiff’s counsel sets up a straw man when it responds by asserting that delivery to a minor does not by itself render service invalid. There are minors and minors. Although the statute does not set a fixed minimum age, the court must strive to find meaning in every word contained in a statute. It must, therefore, presume that the inclusion of the word “age” was not without statutory intention, i.e., that at some point a person should be deemed by the court, as a matter of law, to be too young to have a valid status as deli ver ee.
*20 Research has not revealed any case in which a pre-teenager was held to be a valid deliveree. Indeed, the court may take notice that parents customarily admonish such young children not to answer the door when they are left alone. A child of such tender years who disobeys the parent’s instructions and answers the door would be inclined to conceal that fact from the parent, thus defeating the statute’s assumption that the deliveree could be counted on, with a fair degree of reasonable certainty, to inform the defendant of the delivery of process.
The lowest age at which this court has found service to have been sustained under this statute or elsewhere was 13, in a 1968 decision. (Bradian v Chavez, NYLJ, April 23, 1968, p 16, col 6 [Flynn, J.].) Were it contended that Pauline Howard was at least 13, a traverse hearing might be in order to determine the degree of suitability she possessed.
So far, neither the plaintiff nor the defendants have submitted adequate proof of Pauline’s age. The mother simply asserts she was 11, plaintiff does not explicitly deny this. While it is the plaintiff’s burden to prove the sufficiency of service, as a practical matter it would have been extremely difficult for its counsel to investigate Pauline’s true age in the short time between receipt of service of the order to show cause and the return date.
Under all of these circumstances, the court has determined to hold its final decision on this motion in abeyance pending receipt of a copy of Pauline’s birth certificate. Moreover, since this can be obtained much more easily by the movant, Lorraine Howard, than by plaintiff’s counsel, the court directs that it is her obligation to furnish it to the court. Within 30 days from the date this interim decision and order is entered, she is required to mail a copy of the birth certificate to me and also to mail one to the plaintiff’s attorney. The mailing to plaintiff’s attorney shall be by certified mail and the receipt given at the time of mailing shall be attached to the copy that is sent to the court.
If the birth certificate sustains the mother’s contention that Pauline was only 11, the motion to vacate will be granted in full, to the extent not only of vacating judgment but dismissing the action as a nullity. If no birth certificate *21 is received or one that shows Pauline was substantially older than 11, the motion will be denied in full, because the court will consider as not worthy of belief the movant’s contentions that she has a meritorious defense.