■ Susan R. Cooper, Respondent, v Angelina Carlson, Appellant, et al., Defendants. Hickory Hill Associates, Inc., Nonparty Respondent.—In an action to foreclose a mortgage, the defendant Angelina Carlson appeals from an order of the Supreme Court, Kings County (Lodato, J.), dated June 16, 1986, which denied her motion, *inter alia,* pursuant to CPLR 5015 (a) (3) to vacate a default judgment of the same court (Hirsh, J.), dated August 9, 1976, which, *inter alia,* granted a judgment of foreclosure and sale to the plaintiff.

Ordered that the order is affirmed, with one bill of costs.

The court did not abuse its discretion in denying the appellant's motion to vacate the default judgment dated August 9, 1976. Under the facts and circumstances of the instant case, where the appellant Angelina Carlson and her late husband Paul delayed over eight years before challenging the default judgment and entered into a lease for the premises as tenants, which conduct evidenced a willingness to accede to the terms of the judgment *(see, Marco v Sachs,* 10 NY2d 542, 550-551, *rearg denied* 11 NY2d 766, 11 NY2d 798; *Shaw v Shaw,* 97 AD2d 403, 404; *Palisi v Yanarella,* 76 NYS2d 209, *affd* 272 App Div 1070), vacatur of the default judgment was not warranted. Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.

■ Maria Coretti, Respondent, v Rocco Coretti et al., Defendants, and John Papazian, Appellant.—In a negligence action to recover damages for personal injuries, the defendant John Papazian appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 6, 1986, which denied his motion to vacate a default judgment against him on the ground that personal jurisdiction was never acquired over him.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly found that personal service could not be effected under CPLR 308 (1) and (2) with "due diligence". Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.