■ GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, v PAUL E. GEGZNO, Appellant. [638 NYS2d 844] —Peters, J.

In August 1987, with financing provided by plaintiff, defendant purchased an automobile from Action Chevrolet. Deeply dissatisfied with both the vehicle and the service received, defendant ceased making payments and subsequently surrendered it in the summer of 1988. Plaintiff thereafter resold the vehicle at an auction in September 1988. Since the moneys recovered at auction did not satisfy the debt owed to plaintiff, a deficiency of $3,254.34 existed.

To satisfy the outstanding debt, defendant signed a "stipulation" on July 14, 1989, which provided, *inter alia*, that he would pay $50 per month to plaintiff and that in the event of nonpayment, plaintiff could file the summons and complaint venued before the Albany City Court and enter judgment without notice. Such stipulation also set forth the relevant facts and specifically declared that the parties stipulated and agreed that defendant "appears generally by himself and

waives service of a summons and complaint". It is undisputed that while the stipulation was not notarized, defendant admits to having signed the document.

Payments were made thereunder through December 1989. Thereafter, when defendant failed to submit the required payments in a consistent manner, plaintiff moved for a default judgment in City Court in June 1990. Judgment was entered on June 18, 1990 and notice was mailed to defendant. Between September 1991 and 1992, plaintiff received an income execution against defendant and collected $1,500 in wages. Pursuant to an information subpoena mailed to defendant, indicating the entry of judgment, defendant acknowledged the debt and responded that "so long as I am employed the [j]udgment will be satisfied".

In October 1993, three years and four months after entry, defendant moved to vacate the default judgment primarily contesting personal jurisdiction. City Court denied defendant's motion which was affirmed by County Court. We granted defendant's motion for leave to appeal.

Defendant contends that although he waived service of the summons, the lack of filing of a summons rendered all determinations emanating from the entry of the default judgment a nullity. We disagree. As County Court found, defendant voluntarily consented to personal jurisdiction and venue in City Court and waived service of the summons and complaint when he signed the stipulation of settlement. Noting that such consent would not affront public policy since "parties to a civil dispute are free to chart their own litigation course" (*Mitchell v New York Hosp.*, 61 NY2d 208, 214; *see, Gimbel Bros. v Swift*, 62 Misc 2d 156), we find that any claims now challenging the acquisition of personal jurisdiction must be deemed waived by defendant's failure to raise his objection for over three years since the entry of the default judgment (*see, Revona Realty Corp. v Wasserman*, 4 AD2d 444, *appeal dismissed* 5 NY2d 931).

As to any further claims or irregularities alleged by defendant with respect to venue or the stipulation of settlement, we find them without merit (*see,* CPLR 509, 511 [b]; 2104, 4537) and note that "courts have long favored and encouraged the fashioning of stipulations as a means of expediting and simplifying the resolution of disputes" (*Mitchell v New York Hosp., supra,* at 214) which "will be strictly enforced unless legitimate grounds for voiding the settlement agreement have been demonstrated" (*Hill v Kelly*, 180 AD2d 935, 936). Finding no adequate basis to void the agreement, we decline to disturb the course voluntarily chosen.

Finally, we reject any challenge to the default judgment based upon the provisions of CPLR 3218 (a) since the settlement agreement readily substituted for the required affidavit (*see, Mitchell v New York Hosp.*, 61 NY2d 208, 214, *supra*) and no further deficiencies were found. As to any claim that City Court abused its discretion by not permitting defendant to open the default judgment and litigate the merits, we find that in light of the stipulation, partial payment and acknowledgment of debt, there was no abuse of discretion (*see, Fargnoli Food Distrib. v Jennies Bakery*, 209 AD2d 806).

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.