OPINION OF THE COURT
Memorandum.
Appeal from the April 26, 2001 order unanimously dismissed.
Final judgment unanimously affirmed without costs.
Order dated August 31, 2001 unanimously affirmed without costs.
The right of appeal from the intermediate order dated April 26, 2001 terminated with the entry of judgment (Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised in the appeal from said order are brought up and reviewed on the appeal from the final judgment (CPLR 5501 [a] [1]).
An affidavit of service upon a 13 year old alleged to be a person of suitable age and discretion does not trigger the necessity of a traverse hearing on the bare allegation that said 13 year old lacked the necessary discretion. While the adoption of the “suitable age” language in RPAPL 735 implies that “at some point a person should be deemed by the court, as a matter of law, to be too young to have a valid status as deliveree” (Room Additions v Howard, 124 Misc 2d 19 [Civ Ct, Bronx County 1984]), we cannot say that a 13 year old is incapable of accepting service as a matter of law under RPAPL 735 (Chemical Bank v Muller, NYLJ, Aug. 24, 1995, at 28, col 5 [Sup Ct, Suffolk County] [“Courts have routinely held that persons younger than fifteen are of appropriate maturity to accept service”]; Bradian v Chavez, NYLJ, Apr. 23, 1968, at 16, col 6 [Sup Ct, Bronx County] [upholding service on a 13 year old]; Durham Prods. v Sterling Film Portfolio, Ltd., Series A, 537 F Supp 1241, 1244 [1982] [12 year old a person of suitable discretion under CPLR 308 (2)]). Insofar as tenants claim that their daughter was not a person of suitable discretion, the assertions raised in tenants’ supporting affidavit, even if true, did not create a triable issue of the daughter’s capacity for discretion.
*24 We also reject tenants’ claim that the court improperly inhibited their attempt to prove that the license agreement, which granted tenants temporary residence in an apartment managed by the Village of Nyack Housing Authority, as an emergency measure and notwithstanding the lengthy waiting list of applicants for housing, resulted from unfair dealing or fraud. The agreement, whose terms were settled after lengthy negotiations between the parties’ counsel, denied tenants no rights under the regulations admitting applicants to permanent housing. The record reveals that tenants were afforded an ample opportunity to prove their claims which the court resolved against them as a matter of credibility. We find no reason to disturb said determinations.
Inasmuch as no issue is raised as to the August 31, 2001 order, we affirm same.
Doyle, EJ., Rudolph and Skelos, JJ., concur.