■ WELLS FARGO BANK MINNESOTA, N.A., Respondent, v MARIE DORESTANT, Appellant, et al., Defendants. [830 NYS2d 174]—

In an action to foreclose on a mortgage, the defendant Marie Dorestant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated October 11, 2005, as denied her motion to vacate a judgment of foreclosure and sale of the same court dated March 28, 2002, which was entered upon her failure to answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the motion of the defendant Marie Dorestant (hereinafter Dorestant) to vacate a judgment of foreclosure and sale entered upon her default in answering the complaint. Dorestant moved to vacate the default judgment on the ground that the court lacked personal jurisdiction over her due to improper service of process. Prior to her motion for vacatur, however, Dorestant had appeared in the action and successfully moved on two previous occasions to confirm the referee's report of the foreclosure sale and to collect the surplus funds from that sale. These prior motions demonstrated Dorestant's willingness to accede to the terms of the judgment. Her conduct "impliedly acknowledged the validity of the judgment" (*Lomando v Duncan*, 257 AD2d 649, 650 [1999]). Accordingly, Dorestant consented to the court's jurisdiction over her and waived the jurisdictional objection she later asserted in her motion to vacate the default judgment (*see Lomando v Duncan, supra*; *Cooper v Carlson*, 130 AD2d 703 [1987]; *Revona Realty Corp. v Wasserman*, 4 AD2d 444, 448 [1957]). Krausman, J.P., Florio, Lunn and Covello, JJ., concur.