Matter of Levinson (2018 NY Slip Op 07515)





Matter of Levinson


2018 NY Slip Op 07515


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018

526450

[*1]MAX LEVINSON, Deceased. RITA LEVINSON, Appellant; MICHAEL LEVINSON, as Successor Trustee, Respondent.

Calendar Date: September 6, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Pritzker, JJ.


Aaron Zimmerman, Syracuse, for appellant.
Conboy, McKay, Bachman & Kendall, LLP, Canton (Scott B. Goldie of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Surrogate's Court of St. Lawrence County (Richey, S.), entered June 7, 2017, which, in a proceeding pursuant to SCPA article 7, among other things, denied petitioner's cross motion for summary judgment removing respondent as successor trustee.
In 2001, the will of Max Levinson (hereinafter decedent) was admitted to probate. The will established a testamentary trust naming decedent's brother and his brother's wife, petitioner, as income beneficiaries and decedent's nieces and nephews as residual beneficiaries. Pearl Benson and James Benson were named as trustees. Decedent's brother died in 2003 leaving petitioner as the sole income beneficiary of the testamentary trust. Thereafter, in 2011, following the deaths of both trustees, respondent, one of petitioner's sons, petitioned to be appointed successor trustee. During that proceeding, respondent filed an ex parte application seeking substituted service on Eric Levinson (hereinafter Levinson), petitioner's other son and respondent's brother, a residual beneficiary of the trust. Surrogate's Court (Richards, S.) granted respondent's application, and Levinson was apparently served in compliance with the court's order. Petitioner did not object to service upon Levinson in the course of that proceeding, and respondent was appointed successor trustee, and successor letters of trusteeship were issued.
Thereafter, in 2016, petitioner commenced this proceeding seeking, among other things, to remove respondent as successor trustee and appoint a new trustee. Respondent answered and, after issuance of a scheduling order, moved to compel discovery. Petitioner cross-moved seeking, among other things, to rescind the 2011 order appointing respondent as successor trustee and for summary judgment on her petition. Respondent opposed petitioner's cross motion. After [*2]oral argument on the two pending motions, Surrogate's Court ultimately denied those parts of the cross motion seeking to rescind the order appointing respondent as successor trustee and seeking summary judgment. Petitioner appeals, and we affirm.
Petitioner contends that the 2011 order appointing respondent as successor trustee was void ab initio because Surrogate's Court did not obtain personal jurisdiction over Levinson. We disagree. Petitioner did not object to the supposed lack of jurisdiction during the 2011 proceeding, waited five years before initiating the instant proceeding and did not raise the issue in her initial petition, instead waiting until her cross motion to ask the court to rescind the 2011 appointment order. A defect in personal jurisdiction may be waived where a party appears in an action without contesting the supposed jurisdictional flaw and then accedes to the terms of a court's order (see Revona Realty Corp. v Wasserman, 4 AD2d 444, 447-449 [1957], appeal dismissed 5 NY2d 931 [1959]; cf. Matter of Smith v Murphy, 161 AD3d 1174, 1174-1175 [2018], lv dismissed 32 NY3d 933 [2018]; Wells Fargo Bank Minn., N.A. v Dorestant, 36 AD3d 692, 693 [2007]; General Motors Acceptance Corp. v Gegzno, 225 AD2d 828, 829 [1996], appeal dismissed 88 NY2d 1017 [1996]). As such, petitioner has waived her objection to any absence of personal jurisdiction over Levinson by failing to raise her objection in due time (see Revona Realty Corp. v Wasserman, 4 AD2d at 450), and her contention that she did not have a full and fair opportunity to contest this issue in the 2011 proceeding finds no support in the record.
Surrogate's Court also properly denied petitioner's cross motion for summary judgment removing respondent as successor trustee based upon SCPA 711 (6). As relevant here, SCPA 711 allows petitioner to move for Surrogate's Court to issue a "decree suspending, modifying or revoking" letters of trusteeship, and respondent "may be cited to show cause why a decree should not be made accordingly" when respondent "has failed without sufficient reason to notify the court of his [or her] change of address within 30 days after such change" (SCPA 711 [6]). The decision to revoke letters of trusteeship is "purely discretionary" (Stolz v New York Cent. R.R. Co., 7 NY2d 269, 273 [1959]; see Matter of Gould, 17 AD2d 401, 405 [1962]). Here, petitioner alleged that respondent had changed his address without informing the court within 30 days. In his response to discovery demands, respondent explained that his son had purchased his home but that he was regularly at the address to take care of his grandson and pick up mail. In its decision, Surrogate's Court noted that respondent had indeed failed to update his address. However, the court found that petitioner had shown no prejudice to her rights and no negative impact on the trust as a result of respondent's failure, ostensibly finding an issue of material fact therein (see CPLR 3212 [b]), and it therefore properly exercised its discretion and declined to grant summary judgment absent a showing of serious misconduct that threatened the estate or trust (cf. Matter of Vermilye, 101 AD2d 865, 865 [1984]; Matter of Farber, 98 AD2d 720, 720 [1983]). Moreover, the denial of her cross motion for summary judgment will still allow petitioner the opportunity to present evidence that the trust was indeed threatened by respondent's failure to comply with SCPA 711 (6) (cf. Matter of Vermilye, 101 AD2d at 865). We have considered petitioner's remaining contentions and find them to be lacking in merit.
Garry, P.J., Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.