U.S. Equities Corp. v Brito (2021 NY Slip Op 51270(U))

[*1]

U.S. Equities Corp. v Brito

2021 NY Slip Op 51270(U) [73 Misc 3d 148(A)]

Decided on December 29, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 29, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570527/19

U.S. Equities Corp., Plaintiff-Appellant, 
against
Melaneo J. Brito, Defendant-Respondent.

Plaintiff, as limited by its brief, appeals from that portion of an amended order of the Civil
Court of the City of New York, New York County (Sabrina B. Kraus, J.), dated April 14, 2020,
which granted defendant's motion to vacate a default judgment to the extent of setting the matter
down for a traverse hearing and for final disposition of the motion.

Per Curiam.
Order (Sabrina B. Kraus, J.), dated April 14, 2020, reversed, without costs, and the motion
denied.
Defendant's affidavit submitted 11 years after entry of the default judgment failed to rebut
the presumption of proper service created by the affidavit of the process server (see Wells Fargo Bank, NA v Edwards,
95 AD3d 692 [2012]). The portion of defendant's affidavit that purported to dispute that
personal service had been made upon a person of suitable age and discretion at his residence was
not specific enough to warrant a traverse hearing (see Perilla v Carchi, 100 AD3d 429,
430 [2012]). Defendant did not dispute that the address where service was made was his
dwelling, or that a person identified as Leslie Brito was present in his home on the day of service.
Nor did defendant dispute that Leslie Brito, who the process server described as defendant's
"14-20" year old relative, was "objectively . . . of sufficient maturity, understanding and
responsibility under the circumstances so as to be reasonably likely to convey the summons" to
him (Roldan v Thorpe, 117 AD2d 790, 791 [1986], appeal dismissed 68 NY2d
663 [1986]) and, thus a person of "suitable age and discretion" within the meaning of CPLR
308(2) (see Marathon Structured Asset
Solutions Trust v Fennell, 153 AD3d 511, 512 [2017]; see also Bossuk v
Steinberg, 58 NY2d 916 [1983]; Village of Nyack Hous. Auth. v Scott, 1 Misc 3d 22 [App Term, 2d
Dept, 9th & 10th Jud Dists 2003]).
In any event, defendant waived any defense of lack of personal jurisdiction by making
payments under the wage garnishment order for approximately two years (see Calderock Joint Ventures, L.P. v
Mitiku, 45 AD3d 452, 453 [2007]).
Nor was defendant entitled to vacatur of the October 2008 default judgment under CPLR
[*2]5015(a)(1). Despite a 2016 restraint on defendant's bank
account, defendant defaulted on his first vacatur motion, continued to make 56 payments under
the wage garnishment for a period of more than two years, and signed a May 2019 agreement
consenting to additional payment, a three-year delay which "evidenced a willingness to accede to
the terms of the judgment" (Cooper v Carlson, 130 AD2d 703 [1987], appeal
dismissed 70 NY2d 747 [1987]). Defendant also failed to establish that the limited portion of
his bank account that was restrained consists of exempt funds. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 29, 2021