Thomas J. Stewart, as Administrator, etc., of William Chance, Deceased, Plaintiff, *v.* The Transcontinental Car Forwarding Company of Akron, Ohio, Defendant.

Supreme Court, Rensselaer County, November 28, 1938.

*Ainsworth & Sullivan,* for the plaintiff.

*Murphy, Aldrich & Guy,* for the defendant.

Bergan, J. By chapter 94 of the Laws of 1937, section 52 of the Vehicle and Traffic Law, which provides for the service of summons upon non-residents of the State, was amended in several particulars. The amendment that becomes important on this motion is a provision that the service of the summons on the Secretary of State as the constructive attorney of the non-resident defendant for the purpose of receiving said summons shall be sufficient service if a copy of the complaint, as well as the summons and notice of such service, be forthwith sent by registered mail to the defendant. The statute theretofore had required merely that the summons and notice of service upon the Secretary of State be so mailed to the defendant.

Defendant is a foreign corporation. A copy of the summons was delivered to the Secretary of State on the 5th day of August, 1938, and the statutory fee paid. On the same day the plaintiff caused to be mailed to the defendant by registered mail a copy of the summons with notice that the same had been served upon the

Secretary of State. No copy of the complaint was mailed with the summons. The notice accompanying the summons was to the effect that it had been served upon the Secretary of State on the fifth day of August and that the fee had been paid. Defendant moves to vacate the service of the summons upon the ground that plaintiff's failure to mail the complaint with the summons was not a sufficient compliance with the statute and that, accordingly, the court has acquired no jurisdiction of the defendant. The action is for damages arising from negligence causing the death of the plaintiff's intestate occurring on September 4, 1936. The limitation of time for the commencement of such action would have run on September 4, 1938. (Dec. Est. Law, § 130.)

Section 52 of the Vehicle and Traffic Law is in derogation of the common law, and it has been strictly construed. (*O'Tier* v. *Sell*, 252 N. Y. 400; *Wallace* v. *Smith*, 238 App. Div. 599; *Vecchione* v. *Palmer*, 249 id. 661.) Each of these decisions, however, turns upon the sufficiency of the facts necessary to operate as a designation of the Secretary of State of New York as the attorney for the non-resident defendant for the purpose of receiving process, and does not deal with compliance with the formal requirements of the statute to effect service.

If jurisdiction of the defendant can be deemed to have been acquired by the service of the summons upon the Secretary of State as its attorney and by the mailing of the summons alone to it, the omission of mailing the complaint may be treated as an irregularity and may be corrected or supplied. (Civ. Prac. Act, § 105.) If jurisdiction of the defendant was not acquired, however, the court is wholly without power to correct any defect in the proceedings by which jurisdiction was attempted to be obtained.

A civil action is commenced by the service of a summons. (Civ. Prac. Act, § 218.) In *Loring* v. *Binney* (38 Hun, 152) service of the summons by publication was attempted. The proper papers were mailed to the non-resident defendants and the summons with a notice attached was published in the newspaper designated in the order. The notice was defective. It was not directed to those defendants only who were to be served and it stated that the summons was served without the State pursuant to an order of a judge providing for such service, instead of stating that it was served by publication. The General Term held that these irregularities did not prevent the court from acquiring jurisdiction over the absent defendants. The court said (at p. 155): " The summons itself was the important document. When that was served in the manner directed by the code, whether it was by publication or by service

personally upon the defendant without the State, the court acquired jurisdiction over the person of the defendant served. This has been provided for by section 416 of the code declaring that a civil action is commenced by the service of a summons, and as the suit was commenced by that service the failure literally to comply with the directions concerning the form of the notice which was to be published, but not in fact served, or required to be served, upon either of the defendants, was no more than an irregularity which would not deprive the court of the jurisdiction obtained by the service of the summons in compliance with the directions of the order for its publication."

Referring to these irregularities in connection with section 723 of the Code of Civil Procedure, which dealt with the subject now covered by section 105 of the Civil Practice Act, the General Term further said (p. 156): " These were clearly errors or defects of this description, for the omission * * * could by no possibility affect any substantial right of either of these defendants, for, aside from these defects in the notice, they were supplied with complete information either by the summons and notice as they were published or by the copies of the papers which were mailed to them, cr by both, that an action was being commenced in which judgment would be obtained against them by default if they failed to appear and answer, and that the proceedings for commencing it in this manner were authorized and sanctioned by an order of a judge of the court, as that has been provided for by the law of the State; and that was all that it was substantially imported for their protection that either of the defendants should know concerning the proceedings that were carried on." (See, also, Stuyvesant v. Weil, 167 N. Y. 421, and McCoun v. New York Central & H. R. R. R. Co., 50 id. 176.)

The Court of Appeals in Mishkind-Feinberg Realty Co. v. Sidorsky (189 N. Y. 402) dealt with an irregularity in an order directing the service of a summons by publication upon a non-resident defendant. The words " notice of object of action hereto attached " were provided in the order rather than the words " complaint hereto annexed," as required by statute. It was there said (p. 406): " An action is commenced by the service of a summons * * * and by it a defendant is notified that his rights are challenged. Service of the summons, that is, notice of the commencement of the action and an opportunity by a defendant to appear and defend his rights and interests, are the important prerequisites to jurisdiction by a court. * * * Unimportant and unessential variations from the form of notice prescribed not affecting the substantial rights of the defendant are irregularities which may be cured by

amendment pursuant to the general authority of the court to amend a process, pleading or other proceeding in furtherance of justice. * * * The summons is always of prime importance. It is the effective paper upon which jurisdiction is founded."

A similar conclusion was reached by the Appellate Division, Second Department, in *Valz* v. *Sheepshead Bay Bungalow Corp.* (221 App. Div. 280), in dealing with publication of a summons in a newspaper different from that directed in the order. In referring to the *Mishkind* case (*supra*), the court there said (p. 284): " Certainly, the language quoted concedes that there may be a ' variation ' from the prescribed procedure which is ' unimportant and unessential.' It necessarily follows that a particular requirement of a statute is not in itself jurisdictional, if a failure to comply literally therewith may be deemed to be an unimportant variation. In other words, even in a statute prescribing the method of acquiring jurisdiction, a departure from certain features of the outlined procedure is not necessarily inconsistent with a substantial compliance sufficient for the acquisition of jurisdiction."

The statute here under consideration, in so far as pertinent to this motion, provides that the service of the summons " shall be made " by leaving with or mailing a copy thereof to the Secretary of State at his office in the city of Albany with a fee of two dollars. This is the manner of " service " of the summons directed by the statute. It is made upon the Secretary of State as the constructive attorney of a non-resident who operates a motor vehicle upon a public highway of the State. Such service, the statute continues, " shall be sufficient service " provided that notice of such service and a copy of the summons and complaint are forthwith sent by registered mail to the defendant.

If will be observed, however, that service of the summons is not made by the mailing to the defendant, but is made upon the Secretary of State as attorney. That act constitutes the service of the process. The additional requirement affecting the sufficiency of such service is an added safeguard for the purpose of apprising the defendant that the action has been commenced by the service of his constructive attorney. The omission of a copy of the complaint from the papers mailed could not possibly prejudice the defendant in this case. Defendant was fully apprised by the summons that, if the complaint was not served with it, an appearance could be made in the action, which could have no other meaning than that the pleading would follow in due course.

I reach the conclusion that this omission is a mere irregularity in the notice to be given and that effective service was made upon

the defendant by the service of the Secretary of State and by mailing the summons and notice to the defendant by registered mail. Accordingly, jurisdiction of the defendant has been acquired by the court.

The motion is denied, without costs, and the time of defendant to appear is extended to ten days from service of notice of entry of the order upon this motion.

Submit order.