HERMAN KORNFELD, Plaintiff, *v.* MAX HURWITZ, Defendant.

Supreme Court, Special Term, Kings County, November 20, 1941.

*Mordecai Cohen*, for the plaintiff.

*Ireland & Cohen*, for the defendant.

CUFF, J. Motion by plaintiff for leave to file, as provided in section 52 of the Vehicle and Traffic Law, the summons, complaint and affidavit of service herein *nunc pro tunc*. The summons and complaint were mailed to the Secretary of State on July 25, 1941. On the same day by registered mail copies of the summons and complaint were mailed to defendant who acknowledged upon the

usual post office return receipt thereof. An attorney representing defendant thereafter requested and obtained a physical examination of plaintiff to ascertain the extent of plaintiff's injuries. Through inadvertence plaintiff's attorney omitted to file the summons, etc., within the thirty-day period prescribed by the statute. (§ 52.) Defendant questions the power of the court to grant the relief sought.

This legislation (§ 52), as defendant's attorney observes, is in derogation of the common law. Because of that, the rules of interpretation require strict adherence to its terms. (*Haughey* v. *Mineola Garage, Inc.*, 174 Misc. 332.)

I do not think, however, that the Legislature, when it passed this important act to remedy a glaring defect and supply a needed reform in the interstate use of motor vehicles which have practically eradicated State lines, intended that the court should apply such rigidity to the observance of inconsequential procedural provisions of the law as to deprive equity of its inherent power (*Bohlen* v. *Metropolitan Elev. R. Co.*, 121 N. Y. 546, 550) to set aright in a judicial proceeding that which by inadvertence has become disarranged and thus, in some instances, defeat the very beneficial objectives sought to be attained by this enlightened legislation.

Section 105 was incorporated in the Civil Practice Act at the time of its adoption to give legislative approval to that power theretofore exercised by courts of equity pursuant to which mistakes in procedure were corrected. When there is no " substantial right of any party * * * prejudiced " section 105 provides " such mistake, omission, irregularity or defect must be disregarded." There is no prejudicial loss to defendant herein disclosed. The motion is granted.