WILLIAM COOPER, Plaintiff, *v.* WILLIAM AMEHLER and Others, Defendants.

Supreme Court, Chautauqua County, July 2, 1942.

*John N. Brunacini* [*Clarence G. Pickard* of counsel], for the plaintiff.

*Palmer, Rowe & Palmer* [*Murle Y. Rowe* of counsel] for the defendants.

HINKLEY, J. By writing and oral stipulation of counsel, the following question is presented to the court on a motion by the defendants to dismiss plaintiff's complaint: " When an accident occurs on a public highway of the State must an injured employee seeking damages against nonresident third parties pursue such remedy ten or more days prior to the expiration of the six months' period set forth in Section 29 of the Workmen's Compensation Law? "

Service upon such nonresidents was made by virtue of section 52 of the Vehicle and Traffic Law.

Section 29 of the Workmen's Compensation Law is in part as follows:

" Remedies of employees. Subrogation.

" 1. If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in

the same employ, such injured employee, or in case of death, his dependents, need not elect whether to take compensation under this chapter or to pursue his remedy against such other but may take such compensation and at any time either prior thereto or within six months after the awarding of compensation, pursue his remedy against such other subject to the provisions of this section. If such injured employee, or in case of death, his dependents, take or intend to take compensation under this chapter and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues. * * *

" 2. If such injured employee, or in case of death, his dependents, has taken compensation under this chapter but has failed to commence such action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation."

The expiration of the six months' period must be definitely fixed for at that time the injured employee automatically loses his right to sue upon his cause of action and such right vests in the insurance carrier. (*Balsley* v. *Severance*, 261 App. Div. 492.)

The defendants are nonresidents and in return for the permission to use the highways of the State may be brought within the jurisdiction of the State courts by virtue of section 52 of the Vehicle and Traffic Law which in part is as follows: " § 52. Service of summons on nonresidents. The operation by a nonresident of a motor vehicle or motor cycle on a public highway in this state, or the operation on a public highway in this state of a motor vehicle or motor cycle owned by a nonresident if so operated with his consent, express or implied, shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served a summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such public highway or in which such motor vehicle or motor cycle may be involved while being operated on such a highway with the consent, express or implied, of such nonresident owner; and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction

of the court from which the summons issued. [Provision for service of the summons on the Secretary of State and filing of an affidavit of compliance therewith are provided for.] * * * The foregoing papers shall be filed within thirty days after the return receipt or other official proof of delivery or the original envelope bearing a notation of refusal, as the case may be, is received by the plaintiff. Service of process shall be complete ten days after such papers are filed."

The question is squarely raised on this motion because the service was actually made on the Secretary of State within the six months' period immediately following an award of compensation but was not complete until after the expiration of such six months' period. Defendants contend that the plaintiff is not the real party in interest.

The exact question seems to be one of first impression. At the outset one thought is clearly apparent: If the six months' limitation contained in section 29 of the Workmen's Compensation Law is narrowed ten days or more in the event that the third party is a nonresident, then one injured upon a State highway by a nonresident loses to the extent of such curtailed period a right which would have accrued to him had the third party been a resident of the State. On the contrary, the Legislature, by the enactment of section 52 of the Vehicle and Traffic Law, obviously intended to bring a nonresident who used a State highway within the jurisdiction of the court upon the same footing as though he were a resident of the State.

In *Schram* v. *Keane* (279 N. Y. 227) the court held that jurisdiction was acquired and the action provisionally commenced when an attachment was granted. Following the reasoning in that case jurisdiction in this action was acquired when service was made upon the defendants' " true and lawful attorney," the Secretary of State, which service was " of the same legal form and validity as if served on the defendant within the state and within the territorial jurisdiction of the court from which the summons issued." A ten-day period required before the service is deemed complete is simply a matter of grace to allow actual notice to be brought to a nonresident before the beginning of the twenty-day period allowed to defendant to answer. To rule otherwise would not only narrow by ten days service under section 52 of the Vehicle and Traffic Law but an equal period under sections 229, 231, 233 and 235 of the Civil Practice Act, and a forty-two-day period in the event of service by publication under rule 51 of the Rules of Civil Practice. The court was careful to preserve the cause of action against the third party. " The common-law remedy against a

person not in the same employ whose wrong or negligence caused the injury remains intact. The statute was not intended to inure to the benefit of such person." (*Matter of Parchefsky* v. *Kroll Bros., Inc.*, 267 N. Y. 410, 415.)

The common-law remedy remains intact after the assignment of the same to the insurance carrier and the expiration of the six months' period is theoretically a matter of indifference to the third person. But the Legislature never intended, by section 29 of the Workmen's Compensation Law, nor section 52 of the Vehicle and Traffic Law, nor by sections 229, 231, 233 and 235 of the Civil Practice Act, to discriminate against an injured employee in the event that the defendant was a nonresident. It follows that this action was commenced when service was made on the Secretary of State and not when such service was completed by the ten-day period.

Motion denied, with ten dollars costs.