WILLIAM H. SCHLAGO, Plaintiff, *v.* SEABOARD FREIGHT LINES, INC., et al., Defendants.

Supreme Court, Special Term, New York County, September 3, 1946.

*David Tepp* for Seaboard Freight Lines, Inc., defendant, appearing specially.

*Alvan A. Levy* for plaintiff.

BENVENGA, J. This is a motion by defendant Seaboard Freight Lines, Inc., to vacate the service of a summons in an action for personal injuries growing out of a collision which happened in the State of Connecticut, in which collision the defendant's motor truck was involved. The defendant is a foreign corporation, authorized to do business in this State. The plaintiff, presumably a resident of this State, was a passenger in an automobile owned by codefendant Slocum Industries.

Service of the summons was admittedly made in accordance with the provisions of section 52 of the Vehicle and Traffic Law (as amd. by L. 1945, ch. 719), which provides for the service of a summons on a nonresident involved in an accident or. collision in this State; and it is sought to be justified by reference to the provisions of section 217 of the General Corporation Law (as amd. by L. 1941, ch. 538) which provides for the service of a summons on a foreign corporation doing business in this State, on the theory that the manner of service provided thereby is " identical " with that prescribed in section 52. Comparison of the provisions of these sections shows that the contention is untenable. Section 217 is in derogation of the common law and

strict adherence to its provisions is required (20 C. J. S., Corporations, § 1937, p. 200; § 1940, p. 204; cf. *Vecchione* v. *Palmer,* 249 App. Div. 661; *Kornfeld* v. *Hurwitz,* 178 Misc. 216, 217; *Dusminski* v. *Ladenheim,* 43 F. Supp. 139). Since its provisions were not complied with, the service of the summons is ineffectual. The motion is accordingly granted. Settle order.