MIRIAM SPITALNY, Plaintiff, *v.* PEARL LE CAKES, Defendant.

City Court of Albany, October 16, 1946.

*John Knauf* for defendant appearing specially.

*Henry H. Koblintz* for plaintiff.

HERZOG, J. Defendant is a resident of the State of Massachusetts. She was operating a motor vehicle which was involved in a collision with plaintiff's car in New York. Thereafter, plaintiff commenced this action, by serving the Secretary of State on October 1, 1946, and mailing a copy of the summons and complaint to the defendant on the same day, in accordance with section 52 of the Vehicle and Traffic Law. The return day of the summons was October 7, 1946.

Defendant appeared specially and moved to set aside the summons on the ground that service was not complete, under section 52 of the Vehicle and Traffic Law, until ten days after the necessary papers had been filed.

Section 34 of the Albany City Court Act (L. 1931, ch. 414) provides that: " * * * the return day mentioned in the summons must not be more than twelve days *from its date* and * * * must be served at least six days before the time of appearance." (Italics mine.) It is also provided by subdivision 9 of section 28 of the Albany City Court Act that service of a summons on a nonresident may be made in the manner provided in section 52 of the Vehicle and Traffic Law.

If service is not complete until ten days after proof of service is filed in the Albany City Court, it would be impossible to effectuate service under section 52, because the result of the above provisions is that a summons actually cannot be served more than six days after *its date*. Service could not possibly be complete for at least eleven days after service upon the Secretary of State since a return receipt must be filed with the papers. This would leave only one day for service under the most advantageous conditions, and a minimum of six days after service is necessary. It is thus apparent that there are

two statutes which are in absolute conflict. The practice in this court has been for the court to adjourn the matter on the return day for an additional ten days, in order to give the defendant time to appear and answer.

There are few authorities on this specific proposition. The one that seems most closely in point is *Cooper* v. *Amehler* (178 Misc. 844). In that case, the contention was raised that an action had not been commenced within six months after an award by the Workmen's Compensation Board. It appeared that the defendant was a nonresident and that the Secretary of State had been served within six months but service had not been completed until after six months had elapsed. The defendant, therefore, contended that the plaintiff was not the real party in interest. The court held that service was sufficient and that the action had been commenced when service was made on the Secretary of State and not when the service was completed. At page 846, Mr. Justice Hinkley said: " A ten-day period required before the service is deemed complete is simply a matter of grace to allow actual notice to be brought to a nonresident before the beginning of the twenty-day period allowed to defendant to answer."

Again, in *Stewart* v. *Transcontinental Car Forwarding Co.* (169 Misc. 427) Mr. Justice Bergan held that service is made by actual service upon the Secretary of State as attorney for the defendant, and said (p. 430): " That act constitutes the service of the process. The additional requirement affecting the sufficiency of such service is an added safeguard for the purpose of apprising the defendant that the action has been commenced by the service of his constructive attorney."

The following cases also throw some additional light on the question: *Gesell* v. *Wells* (229 App. Div. 11), *Sheafer* v. *Vermont Hygeia Ice Co.* (118 Misc. 593) and *Kornfeld* v. *Hurwitz* (178 Misc. 216).

It is thus apparent from the above authorities that the ten-day period is merely one of grace in order to give the defendant ample opportunity to answer the summons and complaint. The procedure in this court has been, invariably, to adjourn the matter for ten days. This seems to comply with the spirit of the section and also permits compliance with section 34 of the Albany City Court Act. Since service is permissible under section 52 in the Albany City Court, and since only in this manner may service be made effectual, I am reluctant to change an already established practice. Motion of defendant is, therefore, denied, without costs, and the case is adjourned ten days for answer.