CLARENCE KIMBALL, Plaintiff, *v.* MIDWEST HAULERS, INC., et al., Defendants.

Supreme Court, Special Term, Herkimer County, May 6, 1949.

232

*George G. Fiesinger* for plaintiff.

*Lee & Lockwood* for defendants.

MALPASS, J. This is an action to recover damages to the automobile of the plaintiff as the result of an accident which occurred January 3, 1948, in the county of Herkimer on the State highway known as Route 5.

The defendant, Midwest Haulers, Inc., is a foreign corporation having its principal office in Toledo, Ohio. This defendant was the owner of a motor vehicle involved in the accident afore-mentioned, which vehicle, it is alleged, was at the time being driven by the defendant, Carlson, who is a resident of Chicago, Illinois.

On February 26, 1949, the plaintiff's attorney mailed to the Secretary of State two copies of the summons, (one for each defendant), enclosing therewith the sum of $4 ($2 for each defendant). Receipt of the copies of the summons and payment of the fees was acknowledged by the Secretary of State on the 28th day of February, 1949. On March 3, 1949, plaintiff's

attorney forwarded to each of the defendants a copy of the summons and complaint in the action. These papers were forwarded by ordinary mail, not registered, and were not accompanied by any notice of the service of the summons on the Secretary of State. On March 18, 1949, copies of the summons and complaint were forwarded by registered mail to each of the defendants and return receipts were received by the plaintiff showing delivery of plaintiff's communication on March 21, 1949. This second mailing contained no notice of the service of the summons upon the Secretary of State. On March 25, 1949, plaintiff's attorney forwarded by registered mail to each of the defendants a copy of the summons and complaint, accompanied by a notice of the service of the summons upon the Secretary of State and received return receipts showing delivery of the plaintiff's communication to the defendants. Thereafter, on April 1, 1949, the plaintiff's attorney forwarded to the Herkimer County Clerk for filing a copy of the summons and complaint, the return receipts purporting to be signed by the defendants together with an affidavit showing compliance with section 52 of the Vehicle and Traffic Law.

The defendants have made a motion for an order vacating the service of the summons upon the ground that there was no compliance by the plaintiff with section 52 of the Vehicle and Traffic Law of the State of New York.

The plaintiff has made a cross motion for an order directing that the service of the summons and complaint on each of the defendants was good and valid service and that the defendants be directed to answer said summons and complaint within thirty days after the filing of the papers in the Herkimer County Clerk's office.

The defendants assert that the service of the summons upon the defendants is defective upon the sole ground that the plaintiff delayed the forwarding by registered mail of the copy of the summons and complaint and notice of service of the summons upon the Secretary of State for an unreasonable time after the date of such service. The defendants urge that the word " forthwith " in the statute requires that the notice of service of the summons upon the Secretary of State and a copy of the summons and complaint must be forwarded by registered mail " immediately " after the service of the summons on the Secretary of State. The defendants argue that the statute, being in derogation of the common law, must be strictly construed and that strict compliance with the procedure set forth in the section is a condition precedent to a valid service of the summons.

There is authority for the claim that the statute must be strictly construed. (*O'Tier* v. *Sell*, 252 N. Y. 400; *Vecchione v. Palmer*, 249 App. Div. 661; *Dusminski* v. *Ladenheim*, 43 F. Supp. 139.) This does not mean, however, that the court is deprived of its power to correct a mistake or irregularity or supply an omission in the action where it has acquired jurisdiction of the parties. (*Kornfeld* v. *Hurwitz*, 178 Misc. 216.)

Section 105 of the Civil Practice Act provides as follows: '' § 105. *Mistakes, omissions, defects and irregularities*. At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded.''

There can be no question that the situation here presented arises because of inadvertent mistakes and omissions on the part of the plaintiff in failing to comply strictly with the steps set forth in the statute. If the court has acquired jurisdiction there is presented a proper case for the correction of these mistakes and omissions unless some substantial right of the defendants has been prejudiced.

There is no denial on the part of the defendants that plaintiff's communication of March 3, 1949, sent by ordinary mail, was received by the defendants. In fact in a letter from defendants' attorneys to plaintiff's attorney it was stated. '' Midwest Haulers, Inc., and Frank Carlson have forwarded to us your letters of March 3 inclosing copy of summons and complaint in the above matter.''

Thus it appears that as early as March 3, 1949, the defendants had each been forwarded a copy of the summons and complaint in the action. Likewise there is no denial of plaintiff's claim that the defendants received plaintiff's communication of March 18, 1949, which was sent by registered mail. Both of these communications included copies of the summons and complaint but failed to include a notice to the effect that the summons had been served upon the Secretary of State. The first communication was sent by ordinary mail, the second communication by registered mail. The plaintiff's attorney discovered that he had failed to comply with the statute in regard to forwarding a notice to the effect that the summons had been served on the Secretary of State and a third communication was forwarded by the attorney for the plaintiff by registered mail, addressed to each of the defendants containing a copy of the summons and complaint and also a notice that the summons had been served

on the Secretary of State. The last communication, it is conceded, or in any event is not disputed, fully complied with the provisions of the statute, that is, it was sent by registered mail, it included a copy of the summons and complaint and also a notice of the service of the summons upon the Secretary of State. Thus it appears that these defendants since March 3, 1949, received three copies of the summons and complaint and one notice that the summons had been served upon the Secretary of State. Section 105 of the Civil Practice Act not only gives the Court the power, in its discretion, to correct or supply a mistake, omission, irregularity or defect but states " if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect *must be disregarded.*" (Italics supplied.) In my opinion no substantial right of these defendants has been prejudiced by the mistakes or omissions of the plaintiff.

Section 105 of the Civil Practice Act authorizes the correction of mistakes " At any stage of any action, special proceeding or appeal ". The question then arises as to whether or not the court has acquired jurisdiction of these defendants. The statute provides that service of the summons can be made by serving the same upon the Secretary of State and that the operation of a motor vehicle in this State by a nonresident " shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction of the court from which the summons issues." It would seem that the service upon the Secretary of State, if made in accordance with the statute, constitutes service of the process and that the court acquires jurisdiction and the action is deemed to be pending from the time of such service upon the Secretary of State. (*Stewart* v. *Transcontinental Car Forwarding Co.,* 169 Misc. 427; *Spitalny* v. *Le Cakes,* 187 Misc. 763.) The court having jurisdiction, may and should, exercise the power to correct inadvertent mistakes or omissions as provided in section 105 of the Civil Practice Act. Under the circumstances prevailing in the instant case it would be improper to grant defendants' motion to vacate the service upon the defendants which would only result in compelling the plaintiff to do over again what he has already done.

An order may be entered herein denying the motion of the defendants and granting the cross motion of the plaintiff and requiring the defendants to answer the complaint herein within ten days after service upon them of the order herein with notice **of entry of the same in the Herkimer County Clerk's office.**