Eugene F. Sullivan, J.
The defendant, appearing specially in each of the above three actions, moves for an order to vacate and to set aside the services of the summonses upon the defendant, which were made pursuant to section 52 of the Vehicle and Traffic Law.
The causes of action are for personal injuries sustained by each of the plaintiffs, for property damage sustained by one of them to his automobile and for damages sustained by another for loss of services of, and medical expenses for, his wife.
The three causes of action arose out of a collision between an automobile which was owned and operated by plaintiff, Sawka, • and in which the plaintiffs, Hayuks, were passengers, and an automobile owned and operated by the defendant. The collision *1088 occurred at the intersection of Genesee and Elizabeth Streets in the city of Utica on the 21st day of March, 1954.
The defendant was and is a nonresident.
The plaintiffs’ attorney’s answering affidavit conclusively shows, and it is undisputed by defendant, that copies of the summonses and complaints in these actions were mailed, by plaintiffs ’ attorney, to the Secretary of State on March 7, 1957 and that they were received by him on March 8,1957. (Post Office Register No. 115, stamped Rome, N. Y., March 7,1957 from plaintiffs’ attorney, William J. Maciag, Esq., to Hon. Carmine G. DeSapio, Secretary of State, and a return post-office receipt, from the Department of State by Calvin G. Stiles, which shows the date of delivery as of March 8,1957, addressed to plaintiffs ’ attorney, and stamped by the post office at Rome, N. Y., on March 8,1957; receipts Nos. 732, 733 & 734, dated March 8, 1957, for fees required for services in these actions, from the Secretary of State.)
The summonses and complaints, with notice of service, were sent by registered mail, with a request for a return receipt, by plaintiffs’ attorney to defendant at 68 Mt. Top House Road, South Orange, New Jersey. (Post Office Register No. 116, stamped Rome, N. Y., March 7, 1957, from plaintiffs’ attorney to defendant.)
Under date of March 14, 1957 a firm of attorneys at Newark, N. J., wrote plaintiffs’ attorney that the copies of the summonses and complaints had been forwarded to defendant’s insurance carrier at Syracuse, N. Y.
The plaintiffs have failed to file with the clerk of the court an affidavit of compliance, a copy of the summonses and complaints and the return receipt or receipts purported to be signed by the defendant or a person qualified to receive his registered mail in accordance with the rules and customs of the Post Office Department as required by section 52 of the Vehicle and Traffic Law.
Such failure to so file is the basis of defendant’s motion to vacate the services of these summonses.
In his answering affidavit, the plaintiffs’ attorney states that he is unable to further comply with section 52 of the Vehicle and Traffic Law because the requested return receipt has never been delivered to him by the Post Office Department and “is presumed lost and even though deponent has requested a duplicate and has not received the same ”.
Upon the foregoing facts, this court holds that the services of the summonses are in accordance with section 52 of the Vehicle and Traffic Law, that they are sufficient services upon the defendant, that this court has acquired jurisdiction of the defendant *1089 and that these actions have been pending from the time of the services on the Secretary of State.
In Stewart v. Transcontinental Car Forwarding Co. (169 Misc. 427, 430) Mr. Justice Bebgak wrote: “ The statute here under consideration, in so far as pertinent to this motion, provides that the service of the summons ‘ shall be made ’ by leaving with or mailing a copy thereof to.the Secretary of State at his office in the city of Albany with a fee of two dollars. This is the manner of ‘ service ’ of the summons directed by the statute. It is made upon the Secretary of State as the constructive attorney of a non-resident who operates a motor vehicle upon a public highway of the State. Such service, the statute continues, ‘ shall be sufficient service ’ provided that notice of such service and a copy of the summons and complaint are forthwith sent by registered mail to the defendant. It will be observed, however, that service of the summons is not made by the mailing to the defendant, but is made upon the Secretary of State as attorney. That act constitutes the service of the process.”
(Kimball v. Midwest Haulers, 195 Misc. 231, 235; Cooper v. Amehler, 178 Misc. 844, 846.)
The additional requirement of section 52 of the Vehicle and Traffic Law to file the affidavits of compliance, copies of the summonses and complaints and the return receipts is no doubt for the purpose of actual proof that the court has jurisdiction and also, to fix the time within which the defendant must answer.
“ A ten-day period required before the service is deemed complete is simply a matter of grace to allow actual notice to be brought to a nonresident before the beginning of the twenty-day period allowed to defendant to answer.” (Cooper v. Amehler, supra, p. 846.)
“ The additional requirement affecting the sufficiency of such service is an added safeguard for the purpose of apprising the defendant that the action has been commenced by the service of his constructive attorney. The omission of a copy of the complaint from the papers mailed could not possibly prejudice the defendants in this case.” (Stewart v. Transcontinental Car Forwarding Co., supra, p. 430.)
So, in the instant matters, by analogy, the defendant was fully apprised by the summonses and complaints that these actions had been commenced against him. The omission of the filing of the certificate of compliance, the copies of the summonses and complaints and the return receipt could not possibly prejudice the defendant in these cases.
It seems to this court that it would be improper for it to grant the defendant’s motion to vacate and set aside the services of the *1090 summonses in these three actions. Here, the plaintiffs have omitted to file, with the clerk of the court, the affidavits of compliance and the copies of the summonses and complaints because they have not received, from the Post Office Department, their requested return receipt of their mailing the summonses and complaints to the defendant which is also required to be filed. Certainly, this is not the fault of the plaintiffs. Apparently, the return receipt has been lost or mislaid and plaintiffs’ request for a duplicate has not been forthcoming.
The only purpose of the return receipt is actual proof that the defendant received the envelope. Here, it is undisputed that the defendant did receive the summonses and complaints, which were contained in the registered letter sent to him by the plaintiffs.
Pursuant to section 105 of the Civil Practice Act, this court may, in its discretion, correct or supply a mistake, omission, irregularity or defect, at any stage of an action, or if a substantial right of any party shall not be thereby prejudiced, a mistake, omission, irregularity or defect must be disregarded.
In the instant cases, there arises a situation where the plaintiffs have failed to strictly comply with the steps set forth in section 52 of the Vehicle and Traffic Law through no fault of theirs. This court has acquired jurisdiction. No substantial right of this defendant has been prejudiced. ■
The motion of defendant to set aside the services for failure of plaintiffs to comply with section 52 of Vehicle and Traffic Law, is denied. (Kimball v. Midwest Haulers, 195 Misc. 231, supra.)
In plaintiffs’ answering affidavit, they submit that the defendant has appeared generally in each of these actions because defendant served (pursuant to Civ. Prac. Act, §§ 288, 290; Bules Civ. Prac., rule 121-a), a notice, dated September 10, 1957, to examine the plaintiffs before trial at defendant’s attorneys’ offices on the 23rd day of September, 1957, which date was more than six months after the services of the summonses and complaints on the Secretary of State, In the answering affidavit, plaintiffs’ attorney states that plaintiff, Sawka, was examined before trial by the defendant, and that this same plaintiff was physically examined at his request.
It is to be noted that the defendant’s moving affidavit states that his attorneys ’ firm 11 was retained in this matter on behalf of defendant on March 26, 1957 ”, which was within 20 days of the services of the summonses and complaints on the Secretary of State.
It also appears from defendant’s moving affidavit that his attorneys and an adjuster for his insurance carrier made numerous verbal requests of plaintiffs’ attorney to physically examine *1091 the plaintiffs, Hayuks, and that arrangements had been made for such examinations by a doctor of defendant’s choosing but the Hayuks did not appear. Their reason for failing to appear is that they had moved to New York City, where they now reside, and that Mrs. Hayuk is confined to her home by illness which prevents her from traveling but plaintiffs ’ attorney states that he has suggested to defendant’s attorneys that the examinations of the plaintiffs, Hayuk, both physical and before trial, be held in New York City.
Because of the fact that the defendant did serve the notice of examination before trial on the plaintiffs’ attorney, this court is of the opinion that the defendant has appeared informally in these actions. The subsequent examination, both physical and before trial, of the plaintiff, Sawka, is additional reason for this court’s opinion.
The authority to take ‘£ Testimony by deposition during pend-ency of action [emphasis supplied] and before trial ” by notice is found in sections 288 and 290 of the Civil Practice Act and rule 121-a of the Buies of Civil Practice. (So stated in defendant’s notice to take plaintiffs’ testimony.)
Section 288 reads, in part: ££ Any party [emphasis supplied] * * * may cause to be taken by deposition, before trial, his own testimony or that of any other party
Section 290 provides, in part: ‘1 A party [emphasis supplied] to an action desiring to obtain testimony * * * shall give reasonable notice to his adversary, or if he has appeared by attorney, to such attorney ”.
Bule 121-a reads, in part: ££ In any action, at any time after the service of an answer * * * any party [emphasis supplied] may cause to be taken by deposition before trial, the testimony of any other party ”,
From a reading of these sections, it is obvious that the examination before trial may be had by a party. Therefore, by his service of the notice to examine plaintiffs before trial, the defendant declared himself to be a party, and he became an actor in the suits to the extent of participating in the merits of the litigation.
This court is not unmindful of the provisions of section 237 of the Civil Practice Act which outlines the methods and manners by which a defendant must appear.
However, the courts have held, and text writers have asserted, that a defendant may informally appear in an action.
£ £ A defendant may appear in an action either formally, as provided by statute, by serving a notice of appearance, an answer, or a notice of motion objecting to the complaint in point of law, or informally by otherwise taking part in a sub *1092 stantial way in the merits of the litigation. Both of these methods of appearance give the court jurisdiction over the person of the defendant. Even though an informal appearance is not a statutory appearance, it has the same effect from the standpoint of conferring jurisdiction.” (3 Carmody-Wait on New York Practice, p. 364.)
“ The general rule in this state is that when a defendant becomes an actor in a suit to the extent of participating in the merits he submits to the jurisdiction of the court, unless he has protected himself by making a special appearance, in which case, his participation on the merits after his motion questioning jurisdiction has been denied is not a waiver of his objection to the court’s jurisdiction over his person. The general rule that participation in a suit on the merits is a submission to jurisdiction has the approval of the Supreme Court of the United States and of the courts in other jurisdictions.
“ The rule that the defendant submits to the jurisdiction by participation in the suit on the merits necessarily implies that an effective appearance may be informal. Participation by the defendant in the merits of the litigation has the effect of an appearance in the sense that the court acquired jurisdiction of the defendant or such participation estops the defendant to deny such effect or jurisdiction, even though such participation is not an appearance within CPA § 237, [smphasis supplied] * * * Notwithstanding CPA § 237, participation in the merits of litigation is quite commonly said to constitute a general appearance. If the defendant elects to come before the court and there try questions which concern the merits, he cannot afterward deny the jurisdiction or be heard to claim that he did not appear. A defendant by accepting the benefits may be estopped from assailing the general nature of his appearance and may be held to have submitted to the jurisdiction. [Emphasis supplied.]
“An act may subject a defendant to the jurisdiction of the court or cure defective process, although it may not be an appearance under the statute discussed heretofore such as to confer upon the defendant the peculiar rights incident thereto.” (3 Carmody-Wait on New York Practice, pp. 370-372.)
Because of defendant’s service of the notice to examine plaintiffs before trial (and as here, his participation in the examination of plaintiff, Sawka, both before trial and physically), defendant is estopped from appearing, or has waived his right to appear, specially to attack the jurisdiction of this court for the reason he has, by his own act, appeared generally, although informally.
*1093 “As in jurisdictions generally, it has long been the rule in this state that a special appearance was permitted only for the purpose of attacking the jurisdiction of the court. * * * one cannot appear specially to contest jurisdiction and at the same time defend on the merits or participate generally in the trial on the merits.” (3 Carmody-Wait on New York Practice, pp. 400-401.)
Although this defendant has not generally participated in an actual trial, he has participated in preparation for trial by his notice to examine before trial, and his examination of plaintiff, Sawka, in response to the notice. The situation, which exists in the instant matters (although, most probably, not intended by the defendant), is that, when this court had acquired jurisdiction of the defendant by services on the Secretary of State, his attorneys served the notice to examine plaintiffs before trial. By so doing, the defendant actually confirmed the acquisition of jurisdiction of the defendant by services of the summonses and complaints on the Secretary of State.
Be that as it may, this court holds that the defendant has waived his objection to question the jurisdiction of this court, or he is estopped from asserting it, because he served the notice to examine the plaintiffs before trial — one of whom he did examine in response to the notice.
His special appearance on this motion, which can only be for the purpose of objecting to the jurisdiction of this court, is inconsistent with his service of the notice to examine before trial. (3 Carmody-Wait on New York Practice, p. 401.)
In Monaghan v. Kane (186 Misc. 698, 701) the court said: “ No action can be taken on a special appearance that is not based upon a challenge to the jurisdiction of the court [emphasis supplied] over the person or property of the defendant. (Muslusky v. Lehigh Valley Coal Co., 225 N. Y. 584, 588.) Generally, when a defendant becomes an actor in a suit to the extent of participating in the merits, he submits to the jurisdiction of the court; this is largely a matter of degree and depends necessarily upon the facts. (Henderson v. Henderson, 247 N. Y. 428, 432.) In the Henderson case (247 N. Y. 428, 434, supra) Judge Pound, concurring, said ‘ A voluntary general appearance by the attorney for a defendant on the trial or hearing is the equivalent of the service of a notice of appearance under Civil Practice Act, section 237. ‘ ‘ He thereby submits himself to the jurisdiction of the court, and no disclaimer which he may make upon the record, that he does not intent to do so [i.e., appear generally] will be effectual to defeat the consequences of his act.” ’ ”
*1094 In Revona Realty Corp. v. Wasserman (4 A D 2d 444,448-450) Mr. Justice Bergan wrote: “ In a court of general jurisdiction of the subject matter ‘ a party may be estopped to question its jurisdiction of the particular case ’ where he ‘ invokes it ’ himself, or brings a cross action or ‘ accepts benefits resulting from the court’s exercise of jurisdiction ’; and it maybe waived, among other things, by 1 seeking relief on a ground additional to, or other than, want of jurisdiction ’. (21 C. J. S., Courts, §§ 108, 109.) * * * When a party becomes ‘ an actor in a suit ’ is often a question of degree and of evaluation of the particular facts (Henderson v. Henderson, 247 N. Y. 428, 432), but his participation in the merits is certainly one way in which a defendant will be prevented from thereafter contesting jurisdiction of his person. * * *. This court noted [Matter of Haglund v. Morse Dry Dock & Repair Co., 255 App. Div. 895] (p. 896) that ‘ Jurisdiction and unconstitutionality may be waived ’. 1 The right to make the objection that the court has not acquired jurisdiction of the person of a defendant is for his benefit; and he is at liberty to renounce that benefit reserved to him by the law ’ (Reynolds v. Foster, 66 Misc. 133, 139). Decision here does not rest upon a retroactive vesting of personal jurisdiction on the basis of waiver or estoppel. Neither has that function. Decision, rather, rests on the fact that there was sufficient valid proof of essential jurisdictional facts presented to the court before the summons went out, to justify its taking jurisdiction; and the course of policy and procedure elected to be followed by the defendant forecloses him now from litigating those facts. The effect is, merely, that the facts accepted by the court in taking jurisdiction are no longer left open to dispute.”
(See, also, Henricks v. Henricks, 275 App. Div. 642, affd. 301 N. Y. 626; Hecht v. Occhipinti Realty Co., 254 App. Div. 96; Braman v. Braman, 236 App. Div. 164; Citizens Trust Co. v. Prescott & Son, 221 App. Div. 426; Lenetska v. Goldstein, 192 Misc. 929.)
An order may be taken herein denying the motion of the defendant, without costs to either party.