■ NUELDA W. JOHNSON, Respondent, v. LLOYD BUNNELL, Appellant, et al., Defendant.— In an action to recover damages for personal injuries, the appeal is from an order denying appellant's motion for summary judgment dismissing the complaint, pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. Respondent alleges in her complaint that while she was riding as a passenger in a motor vehicle owned and operated by appellant on a public highway in this State, a collision occurred between said motor vehicle and a truck owned and operated by defendant, Fair Play Trucking Co., Inc. Appellant at the time of the accident was a resident of the State of Utah. On May 21, 1958, the day prior to the expiration of the time limited for the commencement of this action, respondent caused a copy of the summons to be delivered personally at the office of the

Secretary of State at Albany, New York, and on the same day sent by registered mail to appellant notice of such service and a copy of the summons and complaint and duly complied with all the conditions required by section 52 of the Vehicle and Traffic Law for service upon a nonresident defendant. The papers were filed in the prescribed County Clerk's office subsequent to the time limited by section 49 of the Civil Practice Act for the commencement of the action. Appellant contends that the action was not commenced against him until the service of the summons was complete, 10 days after the filing of the papers with the County Clerk as provided by subdivision 2 of section 52 of the Vehicle and Traffic Law. In our opinion, jurisdiction over appellant was acquired, and this action was commenced on May 21, 1958, within the meaning of section 218 of the Civil Practice Act (cf. *Schram* v. *Keane*, 279 N. Y. 227, 233–234; *Michaud* v. *Lussier*, 6 A D 2d 746; *Stewart* v. *Transcontinental Car Forwarding Co.*, 169 Misc. 427; *Cooper* v. *Amehler*, 178 Misc. 844). The effect of the return receipt and the filing thereof with the County Clerk is to assure the court, before it attempts to exercise jurisdiction, that such jurisdiction has in fact been acquired (*Shushereba* v. *Ames*, 255 N. Y. 490, 493,495). Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.