Henry J. Latham, J.
Motion by the defendant, appearing specially, to set aside the service of a summons and complaint purportedly made upon him, pursuant to section 52 of the Vehicle and Traffic Law.
The accident upon which the plaintiffs’ action is based occurred in the vicinity of Rockland County, State of New York, on June 8, 1956. On June 5, 1959, a copy of the summons and complaint was served on and left with the office of the Secretary of State of the State of New York, at 270 Broadway, New York, New York, together with the statutory fee of $2 required by the provisions of section 52 of the Vehicle and Traffic Law. On the same day a copy of the summons and complaint was sent by registered mail, return receipt requested, to the defendant at his last known address in Cliffside Park, New Jersey. These papers were returned by the - Post Office Department with the notation “ Moved. Left no address.”
On July' 28, 1959 the defendant, appearing specially by his attorneys, moved to vacate such service upon the ground that, since he had moved and the copy of the summons and complaint mailed by registered mail had been returned as aforesaid, “ the requisite notice to him by registered mail has never been effected.” The motion was granted by an order dated November 16, 1959.
Thereafter an investigation was made by the attorneys for the plaintiffs to ascertain the whereabouts of the defendant. On February 2, 1960 they learned for the first time of the present address of the defendant. Immediately on that same day they mailed another copy of the summons and complaint by registered mail, return receipt requested, to him at that address at Franklin Lakes, New Jersey.
While conceding that a copy of the summons and complaint was served on and left with the Secretary of State on June 5, 1959, the defendant urges that the mailing of a copy thereof to him as aforesaid on February 2, 1960 did not satisfy the statutory requirements of mailing “forthwith” contained in the following portion of section 52 of the Vehicle and Traffic Law: “ Service of such summons shall be made by mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of two dollars, and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons and complaint *79 are forthwith sent by or on behalf of the plaintiff to the defendant by registered mail with return receipt requested.” (Emphasis supplied.)
The statute, fairly considered, provides a method by which the court can act with “ almost complete assurance that the defendant has received notice of the action and opportunity to defend ”. (Shushereba v. Ames, 255 N. Y. 490, 495.) Obviously, the defendant had notice of the action and an opportunity to defend when he made his motion on July 28, 1959, and succeeded in vacating the service of process because the summons and complaint had been returned to the plaintiffs as aforesaid because of his failure to leave a forwarding address.
It is true that the requirement of the statute is that forthwith, following the service of a copy of the summons and complaint upon the Secretary of 'State, a copy thereof must be sent to the defendant by registered mail, return receipt requested. But the term “forthwith” is defined in Webster’s New International Dictionary, 1957 Unabridged Edition, not only as “Immediately” or “promptly” but also “without delay; within a reasonable time and with reasonable dispatch.”
The personal delivery of process upon the Secretary of State on June 5, 1959 constituted the actual service which tolled the Statute of Limitations (Stewart v. Transcontinental Car Forwarding Co., 169 Misc. 427, 430; Pond v. Porter, 102 N. Y. S. 2d 131, and the authorities cited at p. 133), and as observed in the Steivart case by Mr. Justice Bergah, now the Presiding Justice of the Appellate Division, Third Department, service of the summons is not made by its mailing to the defendant ‘ ‘ but is made upon the Secretary of State as attorney. That act constitutes' the service of the process. The additional requirement affecting the sufficiency of such service is an added safeguard for the purpose of apprising the defendant that the action has been commenced by the service of his constructive attorney.”
And so in the case at bar, this action was commenced by delivery of a copy of the summons and complaint to the Secretary of State on June 5, 1959, accompanied by a fee- of $2. Service was completed by the mailing of a copy thereof to the defendant as soon as his present whereabouts were ascertained. Such service must be deemed timely within the meaning of the statute, since it was the failure of the defendant to leave a forwarding address that thwarted the plaintiffs’ efforts to give the defendant statutory notice of the action by mailing a copy of the summons and complaint to him at his last known address on the very day of the service thereof on the Secretary of State.
*80 The motion is accordingly denied, with leave to the defendant to answer within 10 days after service of a copy of the order hereon.