Charles Lambíase, J.
By this application made by the defendant, plaintiff has been ordered to show cause why service of the summons and complaint upon the defendant, Patrick J. Sanaseverino, under sections 52 and 52-a of the Vehicle and Traffic Law, should not be set aside on the ground that the court has not acquired jurisdiction of the said defendant. Contemporaneously all further proceedings in the action have been stayed until the rendering of a decision herein.
*192 It appears that the summons and complaint in the above-entitled action were mailed to the defendant by registered mail and were accompanied by the following letter:
STANLEY G. CURTIS
Attorney and Counselor at Law
294 Plymouth Ave. So.
Rochester 8, New York
March 8, 1960
Patrick J. Sanaseverino
953 South Ridge Road
Baltimore, Md.
Dear Sir:
Enclosed is a Summons and Complaint to recover damages against you sustained by Santo Genovese, on the 13th day of October, 1959 at Norton and Moulson Streets, Rochester, New York. You are being served in this manner pursuant to Sections 52 and 52a of the Vehicle and Traffic Law of the State of New York,
Sincerely,
/s/ Stanley G. Curtis
STANLEY G. CURTIS
SGC :kg
Enel.
It also appeals that the summons and complaint so served upon the defendant were not accompanied by any notice that the summons and complaint were served upon the Secretary of State as required by sections 52 and 52-a of the Vehicle and Traffic Law of the State of New York; that no notice of service upon the Secretary of State was filed with the County Clerk of the County of Monroe, and that on file with said County Clerk is a receipt from the Secretary of State showing that he received a copy of the summons and complaint in this action on March 10, 1960, which date is two days after the summons and complaint were mailed to the defendant herein. It is the position of the defendant that the service upon the defendant was defective and should be set aside.
It is asserted by the plaintiff who has filed and served no answering affidavit but has submitted a brief, that the action was pending from the time of the service upon the Secretary of State; that the court thereby obtained jurisdiction in the matter and can exercise its power under section 105 of the Civil Practice Act to correct inadvertent mistakes or omissions in regard to forwarding of notice to nonresidents; and that the summons had been served on the Secretary of State pursuant to the statute.
A civil action is commenced by the service of a summons. (Civ. Prac. Act, § 218.) The statute under consideration pro *193 vides that service of the summons shall be made by serving the same upon the Secretary of State, and that the operation of a motor vehicle in this State by a nonresident ‘1 shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction of the court from which the summons issues (Vehicle and Traffic Law, § 52, subd. 1, in part.)
It would seem that the service upon the Scretary of State, if made in accordance with the statute, constitutes service of the process, and that the court acquires jurisdiction and the action is deemed to be pending from the time of such service upon the Secretary of State. (Stewart v. Transcontinental Car Forwarding Co., 169 Misc. 427; Kimball v. Midwest Haulers, 195 Misc. 231.) The additional requirement affecting the sufficiency of such service is an added safeguard for the purpose of apprising the defendant that the action has been commenced by the service upon his constructive attorney. (Steward v. Transcontinental Car Forwarding Co., supra, p. 430.)
In each of the cited cases relief was granted under section 105 of .the Civil Practice Act which authorizes the correction of mistakes “At any stage of any action, special proceeding or appeal” where, after due service upon the Secretary of State had been made in accordance with the statute, there was the failure to comply with one or more of the additional requirements set forth in the statute affecting the sufficiency of such service. In Kimball v. Midwest Haulers (supra, p. 234) the court says: “ There is authority for the claim that the statute must be strictly construed. (O’Tier v. Sell, 252 N. Y. 400; Vecchione v. Palmer, 249 App. Div. 661; Dusminski v. Ladenheim, 43 F. Supp. 139.) This does not mean, however, that the court is deprived of its power to correct a mistake or irregularity or supply an omission in the action where it has acquired jurisdiction of the parties. (Kornfeld v. Hurwitz, 178 Misc. 216.) ”
It must be admitted that there has not been strict compliance with the statute. However, having in mind that a copy of the summons and complaint was mailed to the defendant, though prematurely, and that defendant received some notice in the form of the quoted letter which admittedly is not in the form contemplated by the statute, we have reached the conclusion notwithstanding that the court having jurisdiction may and should exercise the power to correct inadvertent mistakes or omissions as provided in section 105 of the Civil Practice Act.
*194 An order may be entered herein denying the motion of the defendant and requiring the defendant to answer the complaint herein within 10 days after service upon him, with notice of entry of the same, of the order to be entered hereupon.