Jacob Markowitz, J.
Motions numbered 9 and 10 are consolidated herewith. Defendant corporation appears specially and moves to vacate the alleged service of a summons and complaint upon it on the ground that it was not made in compliance with section 52 (now § 253) of the Vehicle and Traffic Law.
Plaintiff moves under section 105 of the Civil Practice Act, for an order correcting any irregularities in connection with said service.
The accident occurred on December 29, 1958. Bankruptcy proceedings were instituted against the defendant corporation which resulted in the appointment of a receiver. The corporation had been served with a summons and complaint on November 10,1959, which was vacated because no order of the Federal court permitting the action was obtained. Thereafter plaintiff obtained an order in Federal court for service on said defendant corporation pursuant to section 52 (now § 253) of the Vehicle and Traffic Law.
The moving defendant alleges that the summons and complaint were not sent to the defendant by registered mail and there was not filed with the Clerk of the court in which action is pending an affidavit of compliance, a copy of the summons and complaint, and a return registered receipt, as required by said section.
It is alleged but not disputed that a copy of the summons and complaint was served on the Secretary of State. Plaintiff’s attorney, relying on an alleged conversation with the receiver’s attorney in New Jersey mailed on December 22, 1960, by registered mail, return receipt requested, a copy of the summons and complaint addressed to the bankrupt and the named receiver care of their attorneys. On December 29, 1960 the receiver’s New Jersey attorneys forwarded the summons and complaint to their insurance carrier’s attorney, writing that they assumed the matter will be defended by them. After stipulation extending the moving defendant’s time to answer was signed by plaintiff, this motion was made.
In order for the court to exercise its discretion permitted under section 105 of the Civil Practice Act, it must first have *783 jurisdiction of the moving defendant (Wade v. Gates Rubber Co., 205 App. Div. 17).
The statute, insofar as pertinent to the motion, provides that the service of the summons “ shall be made ” by leaving with or mailing a copy thereof to the Secretary of State at his office in the City of Albany, or by personally delivering a copy thereof to one of his regularly established offices.
‘ ‘ This is the manner of ‘ service ’ of the summons directed by the statute. It is made upon the Secretary of State as the constructive attorney of a non-resident who operates a motor vehicle upon a public highway of the State. Such service, the statute continues, ‘ shall be sufficient service ’ provided that notice of such service and a copy of the summons and complaint are forthwith sent by registered mail to the defendant.
‘ ‘ It will be observed, however, that service of the summons is not made by the mailing to the defendant, but is made upon the Secretary of State as attorney. That act constitutes the service of the process. The additional requirement affecting the sufficiency of such service is an added safeguard for the purpose of apprising the defendant that the action has been commenced by the service of his constructive attorney.” (Stewart v. Transcontinental Car Forwarding Co., 169 Misc. 427, 430, Bergan, J.)
In the instant case, there is no question that the moving defendant has received the summons and complaint. “ The purpose of the statute is accomplished when a defendant receives notice of the pendency of the action and opportunity to defend.” (Shushereba v. Ames, 255 N. Y. 490, 493.)
The omissions herein are mere irregularities and effective service was made upon the moving defendant by the service of the Secretary of State and by mailing the summons and complaint to the moving defendant care of his attorney.
The effect of the return receipt and the filing thereof with the County Clerk is to assure the court, before it attempts to exercise jurisdiction, that such jurisdiction has in fact been acquired (Shushereba v. Ames, supra, p. 493 ; Johnson v. Bunnell, 8 A D 2d 832).
Accordingly, jurisdiction of the defendant has been acquired by the court (Stewart v. Transcontinental Car Forwarding Co., supra ; Kimball v. Midwest Haulers, 195 Misc. 231 ; Genovese v. Sanaseverino, 26 Misc 2d 191 ; Howland v. Giorgetti, 26 Misc 2d 77 ; Hayuk v. Hallock, 11 Misc 2d 1086 ; Pond v. Porter, 102 N. Y. S. 2d 131). The motion of the moving defendant is denied and the motion of plaintiff is granted.