**Mary Lee HARPER, Appellant,**

v.

**Eldridge Wilson CATHERTON, Jr., Appellee.**

**No. 4394.**

District of Columbia Court of Appeals.

Argued Feb. 10, 1969.

Decided July 17, 1969.

Harry S. Weidberg, Washington, D. C., for appellant.

Edwin A. Sheridan, Washington, D. C., with whom Cornelius H. Doherty, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

---

HOOD, Chief Judge:

This appeal is from an order vacating a default judgment. While ordinarily such an order is not appealable, appellant contends that the present order is appealable because it was entered after the time within which the court had the power to act.[1] Appellee contends the judgment was void for lack of jurisdiction and therefore subject to being set aside at any time.

Service was purported to have been made under our Motor Safety Responsibility Act which authorizes substituted service on a nonresident motorist by service upon the Director of Motor Vehicles, provided that notice of such service and a copy of the process be sent forthwith by registered mail to the defendant and that defendant's return receipt be appended to the writ.[2]

When the default was requested, appellant's attorney represented to the trial court that he had mailed the required copies to appellee in care of Logan Ford Company at Springfield, Virginia, by registered mail, return receipt requested, and had received a return receipt but had misplaced it. On this representation the default judgment was entered. Nine months later appellee moved to set aside the default. He supported his motion with his affidavit stating that at the time of the purported service he was a resident of Maryland and employed at Logan Ford in Springfield, Virginia, but that he had never received a summons from the trial court regarding the instant suit or any other matter.

In opposition appellant's attorney offered a document he had received from the Post Office Department. This document was not a duplicate return receipt but appears to be a record kept by the post office which indicated that appellee, or someone using his name, had signed for the registered letter at Logan Ford. A registry receipt produced by the attorney indicates that no fee was paid for a return receipt, and perhaps this accounts for the failure to produce the receipt.

After full hearing on the motion, the supporting and opposing affidavits, and memoranda of counsel, the trial court (not the judge who granted the default order) ordered the judgment set aside without indicating the grounds for its action. The failure of the trial court to state the basis for its action compels us to examine the record in the light of the theories advanced by appellee and determine if any one justified the trial court's action.

Appellee contended below, and repeats the contention here, that the filing of the return receipt is an integral part of the statute, and that the absence of the receipt constituted a jurisdictional barrier to entry of judgment. We disagree. As we read the statute, jurisdiction attaches when service is made on the Director of Motor Vehicles and the nonresident receives copies of the process and notice of such service. The filing of the return receipt is proof that notice was received and is ordinarily the best proof, but it is not the only possible proof. If, for example, the defendant refused to sign a receipt or if the receipt were lost or destroyed, service would still be good if there were proof that the papers were actually sent to and received by the defendant.[3] Surely a defendant who admitted receiving notice could not contend that the absence of a return receipt made the judgment void.

A second contention of appellee is that since the uncontradicted evidence was that he was a resident of Maryland at the time, notice to him in Virginia at his place of work would be ineffective. Again we disagree. The statute requires that the notice be sent to the defendant—not to him at his residence. If he receives the notice, the purpose of the statute is served.

1. Harco, Inc. v. Greenville Steel & Foundry Co., D.C.Mun.App., 112 A.2d 920 (1955).

2. D.C.Code 1967, § 40–423.

3. Hayuk v. Hallock, 11 Misc.2d 1086, 172 N.Y.S.2d 19 (1958); Massengill v. Campbell, 391 F.2d 233 (5th Cir. 1968).

■ The third theory advanced by appellee is that, as he stated in his affidavit, he did not receive the notice. Notice is essential to the court's jurisdiction, and the burden of proving jurisdiction is on the party asserting it. A marshal's return is presumptively correct, and so would be a proper post office return receipt, but there is none here.

■ The burden having been on appellant to prove that appellee actually received the notice, and there being no conclusive proof one way or the other in the record, the trial court could have properly resolved all doubts in appellee's favor.[4] On this record we cannot rule that it was error to vacate the judgment.

Affirmed.

4. *Cf.* Austin v. Smith, 114 U.S.App.D.C. 97, 312 F.2d 337 (1962).