In the Matter of the Claim of ISABELLE KANE, Respondent, against MORSE DRY DOCK AND REPAIR COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and self insurer from a decision of the State Industrial Board directing the employer to resume compensation payment on the final award of compensation to the widow. On October 25, 1918, while in the course of his regular duties as a machinist helper on board the boat *North Bend* at Pier 36, Pioneer street, Brooklyn, the deceased was injured, from which injuries he subsequently died. The employer on the 1st day of April, 1919, entered into an agreement with the widow and minor children to pay them compensation according to the Compensation Law of the State of New York. The agreement was approved by the Compensation Commissioner and the employer paid upwards of $12,000 under the agreement for a period of eighteen years. It stopped its payments in 1935 and asked for a rehearing and reopening of the claim and then for the first time claimed that the State Industrial Board of New York had no jurisdiction of the subject-matter of the claim, it having happened on a boat in navigable waters. The matter was finally reviewed and the employer was ordered to resume payments and an appeal was taken. The closing portion of section 113 of the Workmen's Compensation Law inserted by the Laws of 1922, chapter 615, reads as follows: " provided that awards according to the provisions of this chapter may be made by the Board in respect of injuries subject to the admiralty or other Federal laws in case the claimant, the employer and the insurance carrier waive their admiralty or interstate commerce rights and remedies, and the State Insurance

Fund or other insurance carrier may assume liability for the payment of such awards under this chapter." This section plainly appears to relate to a matter of procedure, is therefore retroactive and has application to the case at bar. (*Robinson* v. *Robins Dry Dock & R. Co.*, 238 N. Y. 271.) The employer has waived his right to question the jurisdiction of the Workmen's Compensation Law by reason of section 113. (*Fitzgerald* v. *Harbor Lighterage Co.*, 244 N. Y. at p. 136.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.