In the Matter of the Claim of HILDUR M. HAGLUND, Respondent, against MORSE DRY DOCK AND REPAIR COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision of the State Industrial Board, denying appellant's application for a rescission of an award previously made and for disallowance and dismissal of the claim on the ground of lack of jurisdiction, which decision continued the award and directed employer to continue payments pursuant thereto and closed the case. The employer has stipulated that the sole question for review is whether the State Industrial Board has jurisdiction of the subject-matter by reason of the fact that the employee was engaged in maritime employment and, therefore, subject to admiralty jurisdiction. On December 12, 1918, the employee was employed as cook on the tug *Solicitor* by the employer herein, which was engaged in the business of ship and engine repairs. By reason of a collision between the tug and another vessel employee received injuries which caused his death on December 23, 1918. After hearings before the Board an award to the dependents was made on October 23, 1919. No appeal was taken therefrom and payments were made thereunder for approximately seventeen years, after which the employer discontinued payments and made application to the Board to set aside the award and dismiss the claim, which application resulted in the decision now appealed from. On such application the point was first raised

that the claim was maritime in character and came under the jurisdiction of admiralty. The appellant urges that jurisdiction cannot be conferred where none exists; that as the matter is in admiralty the State Industrial Board has no jurisdiction. For the Board it is asserted that there has been a waiver in accordance with section 113 of the Workmen's Compensation Law, whereby the employer has waived its right to question the jurisdiction of the Board. *Matter of Kane* v. *Morse Dry Dock & Repair Co.* (250 App. Div. 888; appeal dismissed, 277 N. Y. 533; motion to amend remittitur denied, Id. 652) is cited as controlling authority in favor of this contention. Respondent also says that irrespective of such section 113 the acts and conduct of the employer amount to a waiver and estoppel, precluding it from now asserting the question of jurisdiction. The Board has found that the dependents waived and abandoned all right of action, if any, existing against the employer; that by the lapse of time the condition of the dependents has changed and all rights and remedies other than herein have been prejudiced and impaired thereby. Jurisdiction and unconstitutionality may be waived (See *Vose* v. *Cockcroft*, 44 N. Y. 415; *Phyfe* v. *Eimer*, 45 id. 102; *Matter of Malloy*, 278 id. 429, decided by Court of Appeals Oct. 11, 1938), and when such waiver has once been made it is final. (*Mayor, etc.*, v. *M. R. Co.*, 143 N. Y. 1.) The facts necessary to constitute equitable estoppel are stated in *Daniels* v. *Tearney* (102 U. S. 415); *Thompson* v. *Simpson* (128 N. Y. 270); *Manufacturers' & Traders' Bank* v. *Hazard* (30 id. 226). Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.