In the Matter of the Claim of ARTHUR SCHWARTZ, Respondent, v. YOUR BAKING CO., INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 20, 1964.

*Bernard L. Newmark* for claimant-respondent.

*Weiser & Jacobs* (*Powell Cooper* and *Allen Redlich* of counsel), for appellants.

*John M. Cullen* (*George J. Barbero* of counsel), for Special Fund for Reopened Cases, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

Gibson, P. J. Claimant, a baker, in 1943 developed a nasal condition which was held to constitute an occupational disease, for which the carrier was directed to and did furnish medical treatment at intervals over a period of nearly 20 years. There has been no compensable lost time, however, and appellants assert that inasmuch as there has been a lapse of seven years from "the date of the injury" and a lapse of three years "from the date of the last payment of compensation" (Workmen's Compensation Law, § 25-a, subd. 1) and because medical treatment does not constitute "compensation" (*Matter of Bratle* v. *Socony-Vacuum Oil Co.,* 10 A D 2d 789, affd. 9 N Y 2d 870), the board erred in declining to shift the liability to respondent Special Fund for Reopened Cases.

However, the board found, in essence, that appellants are estopped from denying liability and its decision has adequate support in the record. On September 6, 1961, the board denied the carrier's first application to invoke section 25-a, holding that the case had never been closed and hence, of course, was not a reopened case. On January 12, 1962, a Referee found permanent partial disability and continued the case for the report of an impartial allergist. On January 16, 1962, the carrier stated in a letter to the board that examination by an allergist was not "indicated" and that, "We will authorize symptomatic treatment when needed." At a hearing on February 8, 1962, the carrier again authorized treatment and referred to this letter and requested "that the case be closed". The record continues:

"The Referee: You are authorizing treatment?

"Mr. Cooper: Yes, as per our letter of January 16th, 1962.

"The Referee: Symptomatic treatment is authorized. As the case has previously been classified, it is closed."

On March 16, 1962, little more than a month after such representations and closing, after expiration of the time limited for review, and little more than six months after its initial application had been denied on the ground that the case had not been closed, carrier invoked section 25-a by means of the application now before us. It is clearly and reasonably inferable that the agreement to authorize future treatment was intended to and did induce the closing of the case, and thereby to remove the obstacle to section 25-a liability encountered by the carrier on its similar application made but six months before. At least some prejudice to claimant, if only by way of inconvenience and

424

uncertainty, would ensue; to say nothing of the resultant complication, after this lapse of time, of his rights vis-a-vis the Special Fund (cf., e.g., Workmen's Compensation Law, § 123) or of the rights of, and possible prejudice to the Fund itself. The doctrine of equitable estoppel is not often called upon in workmen's compensation but it may be invoked and applied in proper cases. (See, e.g., *Matter of Gray* v. *Jeremiah Burns, Inc.,* 6 A D 2d 955, affd. 5 N Y 2d 975; *Matter of Haglund* v. *Morse Dry Dock & Repair Co.,* 255 App. Div. 895; cf. *Matter of Martin* v. *C. A. Prods. Co.,* 8 N Y 2d 226, 231.) The board's action was warranted.

The decision should be affirmed, with costs to respondent Special Fund.

HERLIHY, REYNOLDS, TAYLOR and AULISI, JJ., concur.

Decision affirmed, with costs to respondent Special Fund.