■ In the Matter of the Claim of WALTER E. BRAADT, Appellant, v. CITY OF NEW YORK — DEPARTMENT OF SANITATION, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— MEMORANDUM BY THE COURT. Claimant, describing himself as a "sanitation man" employed by the Department of Sanitation of respondent City of New York, and as injured while working as a "deckhand on scow", applied for and received workmen's compensation, but now appeals from a decision denying his application to set aside the awards, asserting that the board was without jurisdiction to make them and that he and his employer could not waive his rights under the Jones Act (U. S. Code, tit. 46, § 688) whereby a seaman injured in the course of his employment "may, at his election, maintain an action for damages at law". Respondent employer contends that the awards were properly made under section 113 of the Workmen's Compensation Law providing that awards of compensation "may be made by the board in respect of injuries subject to the admiralty or other federal laws in case the claimant, the employer and the insurance carrier waive their admiralty or interstate commerce rights and remedies". Claimant stated that he worked on boats and on scows, cranes and other floating equipment "maybe two or three days a week" and that the rest of the time he worked with boilermakers, on land. On the day of the accident he was assigned to painting work. He was injured, as the result of a collision, when about to throw a line to assist in moving a scow which had caught fire. Citing *Matter of Meachem* v. *New York Cent. R. R. Co.* (8 N Y 2d 293), the board based its determination of jurisdiction on its findings that "the parties have utilized the Board's machinery at a series of hearings resulting in a series of awards as well as payment and acceptance of these awards." These facts are not disputed. Additionally, claimant, having filed his claim on

December 21, 1959, was represented after August 8, 1960 by his present attorneys, who appeared at hearings of December 16, 1960 and October 11, 1962 and until the latter date did not question jurisdiction or raise the present contention that claimant had mistakenly believed that Fresh Kills Creek, Staten Island, where the accident occurred, was nonnavigable and that in consequence he was restricted to workmen's compensation; and this although his attorneys are also proctors in admiralty. Contrary to appellant's contention, the principles stated in *Meachem* (*supra*) and in *Matter of Ahern* v. *South Buffalo Ry. Co.* (303 N. Y. 545, affd. *sub nom. South Buffalo Ry. Co.* v. *Ahern,* 344 U. S. 367) are, in our view, applicable to this accident on a scow, and are not limited to waivers of liability arising out of cases which might otherwise be sued under the Federal Employers' Liability Act. Interestingly enough, the maritime act itself, in another context, makes reference to "cases of personal injury to railway employees". (U. S. Code, tit. 46, § 688.) Upon this record, the board was not bound to find either the employment or the waiver under section 113 within the rule which holds invalid a waiver or a waiver statute which "contravenes the essential purpose expressed by an act of Congress, or works material prejudice to the characteristic features of the general maritime law, or interferes with the proper harmony and uniformity of that law in its international and interstate relations." (*Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, 216.) The awards were proper, upon the entire record, and are supported by authority. (See *Grant Smith-Porter Co.* v. *Rohde,* 257 U. S. 469; *Matter of Haglund* v. *Morse Dry Dock & Repair Co.,* 255 App. Div. 895; *Herbert's Case,* 283 Mass. 348.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.