**Walter E. BRAADT, Plaintiff,**

v.

**The CITY OF NEW YORK, Defendant.**

**No. 62 Civ. 2975.**

United States District Court
S. D. New York.

Nov. 23, 1966.

Klein & Hirschberger, New York City, for plaintiff (Walter J. Klein, New York City, of counsel).

J. Lee Rankin, Corp. Counsel, New York City, for defendant (James W. Fay, Asst. Corp. Counsel, New York City, of counsel).

## OPINION

MacMAHON, District Judge.

Plaintiff, a sanitation worker injured on a garbage scow, sues his employer, the City of New York, for personal injuries under the Jones Act, for unseaworthiness, and for maintenance and cure. Defendant moves for summary judgment.

Plaintiff's suit is blocked by two principles: waiver and res judicata.

■ He deliberately availed himself of the machinery of the New York Workmen's Compensation Board, voluntarily accepted awards from the Board for three years, and then claimed that the Board lacked jurisdiction, because he now felt he could sue in federal court as a seaman and had submitted his case to the Board only because of a misrepresentation. (Defendant's counsel allegedly told him that his injury had occurred on non-navigable waters.)

Even assuming that this misrepresentation was made, we think plaintiff nonetheless waived his admiralty rights. He was represented throughout the Board proceedings by his present lawyer, who is a proctor in admiralty. The navigability of the water was not peculiarly within defendant's knowledge but a matter of public knowledge available to anyone. Plaintiff knew where the injury occurred, and his lawyer could have consulted the Coast Guard or official charts.

■ The issue of waiver, however, is not open for decision. Plaintiff has had his day in court on that issue. The issue was raised by plaintiff's challenge of the Board's jurisdiction. The Board held that it had jurisdiction under the New York Workmen's Compensation Law, 64 McKinney's Consol. Laws, c. 67, § 113, because plaintiff's utilization of the Board's machinery at a series of hearings, and his acceptance of a series of awards, constituted a waiver of his admiralty rights and remedies. Through three courts, plaintiff argued that his waiver was not voluntary, and that since he was a seaman, the Board's jurisdiction was unconstitutional. He lost each time. Braadt v. City of New York, 21 A.D.2d 957, 251 N.Y.S.2d 376 (3rd Dep't 1964), aff'd, 15 N.Y.2d 875, 258 N.Y.S. 2d 413, 206 N.E.2d 349, cert. denied, 382 U.S. 21, 86 S.Ct. 83, 15 L.Ed.2d 14 (1965). The decisions of the New York courts that plaintiff waived his admiralty rights and remedies, and that the Board had jurisdiction unassailable under the constitution, are res judicata. Those decisions were not limited to his Jones Act rights, but necessarily included his rights to damages caused by an unseaworthy condition and for maintenance and cure. 64 McKinney's Consol.Laws, § 11.

Contending that neither waiver nor res judicata bars this action, plaintiff relies on Biggs v. Norfolk Dredging Co., 360 F.2d 360, 365 (4 Cir. 1966), which supports his contention. We strongly disagree, however, with that court's denigration of waiver and res judicata in this area. We think its reading of

Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963), is wrong. The Fourth Circuit culled from the record that Reed had accepted workmen's compensation awards. We doubt that the Supreme Court noticed this, for its opinion notes only that such awards were available. The issue of waiver was not presented to the court. In fact, the *Reed* decision was based on a ground which was never argued. A petition for rehearing was denied, 375 U.S. 872, 84 S.Ct. 27, 11 L.Ed.2d 101 (1963).

We feel that Hoffman v. New York, N. H. & H. R. Co., 74 F.2d 227, 230 (2 Cir. 1934) (dictum), still controls in this circuit as to the res judicata effect of a decision of a workmen's compensation board. In fact, on the issue of waiver, the Second Circuit might well have decided the same way the New York courts did. Heagney v. Brooklyn Eastern District Terminal, 190 F.2d 976 (2 Cir. 1951), cert. denied, 342 U.S. 920, 72 S.Ct. 367, 96 L.Ed. 688 (1952).

Harney v. William M. Moore Bldg. Corp., 359 F.2d 649 (2 Cir. 1966), is clearly distinguishable from the case at bar. In *Harney*, the workman had merely filed a "claim" and accepted automatic payments which his employer had not contested. Such automatic payments are not "awards" within the meaning of 64 McKinney's Consol.Laws, § 113. There was "no evidence of a state proceeding or an award" (*Harney*, at p. 652). On the same page, the Second Circuit cited, without disapproval, *Heagney, Braadt*, and the district court *Biggs* opinion which the Fourth Circuit has since reversed. *Harney* also said that on remand "the parties are free to develop further facts" (359 F.2d p. 652).

We hold, therefore, that the action is barred, and, accordingly, defendant's motion for summary judgment is granted. There being no just reason for delay, the clerk of the court is directed to enter judgment in favor of defendant, the City of New York.

It is so ordered. No further order is necessary.